Irving B. Kendall, J.
It is well settled that the credibility of an informant and the reliability of his information may be established by the affiant’s stating that the informant is known to him and has in the past furnished information leading to the arrest and conviction of others. (People v. Montague, 19 N Y 2d 121; People ex rel. Rogers v. Stanley, 15 N Y 2d 487; People v. Burnham, 30 A D 2d 813, affd. 23 N Y 2d 809.)
The main thrust of the defendant’s motion to suppress is that the application for the search warrant herein does not recite that the informant had given the affiant information in the past leading to the arrest and conviction of others but merely recites that such information led to “ an A.C.D. until 9/29/72 ”. (Italics the court’s.)
*7 In other words, the defendant contends that only where the information given in the past by an informant led to arrest and conviction does the informant’s reliability stand up.
This is not the law. An informant’s reliability can be tested in other ways. (See Aguilar v. Texas, 378 U. S. 108.)
An examination of the application for the search warrant herein indicates not only that the affiant, Detective William P. Stevens, knew the informant but that the informant had stated to him that he was in the company of the subjects in their apartment on at least two separate occasions and while in the apartment was offered a marijuana cigarette on each occasion by subjects named in the warrant and was present while marijuana was being smoked.
Thus the affiant set forth underlying circumstances on which the informant based his conclusions and from which the police officer affiant concluded that the informant was credible or that the information was reliable.
The fact that information given by the same informant had led not to the arrest and conviction but to an adjournment in contemplation of dismissal for two named persons does not weaken the reliability of the informant one iota.
Both persons who received adjournments in contemplation of dismissal received them in this court on June 27, 1972.
The adjournments were granted on motions made by the defendants through their attorneys and the matters were adjourned to an earlier date than 12 months because both defendants expressed a desire to re-enter college without any encumbrances.
It is a fact of life that CPL 170.56 offers a defendant who is charged with possession of marijuana certain benefits not accruing to the ordinary defendant who seeks or receives an adjournment in contemplation of dismissal under CPL 170.55.
Among other matters, the consent of the People to the adjournment usually is not necessary, and the last two subdivisions of CPL 170.56 “ labor heroically to make absolutely certain that once the actual dismissal in furtherance of justice is achieved, at least with respect to a defendant with no prior conviction, the whole charge and action will be wiped off the records and the face of the earth as a ‘ nullity ’ and that no one will ever know of this now erased blot on the defendant’s escutcheon.” (see Practice Commentary by Richard Gr. Denzer, McKinney’s Cons. Laws of N. Y., Book 11A, CPL 170.56).
An adjournment in contemplation of dismissal is not a dismissal on the merits nor is it a conviction, but it is a remedy *8 offered to first offenders accused of marijuana possession, and affords them an opportunity not given to them by any other provisions of law to get back the original records of an arrest as well as all other evidence that they were ever arrested.
Certainly this is a more tempting offer to a defendant than a plea of not guilty and the possibility of conviction after trial by either a Judge or a Judge and a jury.
Under the circumstances, this court holds that information which is given by an informant which leads to an adjournment in contemplation of dismissal under CPL 170.56 is just as effective in establishing the reliability of an informant as is information given by an informant which leads to conviction.
The motion to suppress is denied, there being no other issues raised by the motion papers.