Frank D. O’Connor, J.
Petitioners request a judgment directing the Clerk of the Criminal Court of the City of New *320 York to issue to them a transcript of the disposition made on an accusatory instrument issued against the petitioners Kushner and Aboud, in which these petitioners were charged with possession of one marijuana cigarette. The petitioner Greenberg is an attorney who represented the petitioners at their arraignment on that charge. The Criminal Courts Bar Association of Queens County, Inc., by Herbert Lyons, its president, appears amicus curiae in support of the petition.
Petitioners assert that the defendants were granted an adjournment in contemplation of dismissal pursuant to CPL 170.56; that the case has not been restored to the calendar; and that, pursuant to subdivision 2 of that section, the accusatory instrument is deemed to have been dismissed.
Section 79-e of the Civil Rights Law provides that “ upon the determination of a criminal action or proceeding against a person, in favor of such person * *• * every photograph of such person and photographic plate or proof, palmprints and fingerprints taken or made of such person while such action or proceeding is pending * * * and all duplicates and copies thereof shall be returned.”
Petitioners assert that, pursuánt to section 79-e of the Civil Rights Law, they have the right to the return of fingerprint records made at the time of the arrest on this charge and, in order to secure the return of the fingerprint records, they require a transcript of the record of disposition of the accusatory instrument. The petitioners requested such transcript from the respondent, who refused to issue the transcript because the records in this matter have been sealed pursuant to subdivision 3 of CPL 170.56, and the respondent is without the power to unseal the record or to reveal the contents thereof.
Subdivision 3 of CPL 170.56 provides that, upon the dismissal of such charge against a defendant “ the court shall order that all official records and papers, relating to the defendant’s arrest and prosecution, whether on file with the court, a police agency, or the New York State identification and intelligence system, be sealed and not made available to any person or public or private agency.” Subdivision 4 thereof states: “Upon the granting of an order pursuant to subdivision three, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution.”
The Practice Commentary of CPL 170.56 in McKinney’s (Cons. Laws of N. Y, Book 11A, part 2, p. 52) was written by Professor Richard G, Denzer of Fordham Law School, *321 formerly the Executive Director of the State Commission on the Revision of the Penal Law and the Criminal Code. Professor Denzer states, in part: ‘ ‘ While the provisions are elaborate and extensive, their thrust is simple and obvious. * * * The statute seeks, through the indicated ‘ adjournment in contemplation of dismissal ’ or old ‘D.O.R.’ vehicle (§ 170.55), and through the dismissal ‘ in furtherance of justice ’ (§ 170.40), to soften so far as possible — or even eliminate entirely — the impact of the misdemeanor * dangerous drug ’ possession offenses (Penal Law, §§ 220.05, 240.36) upon many defendants, especially those of clean record, who are charged with such crimes based upon alleged possession or use of marijuana.
‘ ‘ The section extends to such a ‘ marijuana ’ defendant certain benefits not accruing to the ordinary defendant who seeks or receives an adjournment in contemplation of dismissal ’ under the general section (§ 170.55). * * * And the last two subdivisions labor heroically to make absolutely certain that once the actual dismissal in furtherance of justice is achieved, at least with respect to a defendant with no prior conviction, the whole charge and action will be wiped off the records and the face of the earth as a ‘ nullity ’ and that no one will ever know of this now erased blot on the defendant’s escutcheon. ”
The petitioners contend that the intention of the Legislature to make “ absolutely certain * * * the whole charge and action will be wiped off the records * * * and that no one will ever know of this now erased blot on the defendant’s escutcheon ” is frustrated by the court clerk’s interpretation of the “sealing process ”. The clerk interprets this to mean that he cannot issue a certification that the accusatory instrument was dismissed. It follows, petitioners further contend, that such a defendant cannot exercise his right to secure the return of his fingerprint records and that the defendant is not ‘ ‘ restored, in contemplation of law, to the status he occupied before his arrest and prosecution ”.
CPL 170.55 is in a vein similar to CPL 170.56. It provides for an adjournment in contemplation of dismissal of an information and for its dismissal if the case is not restored within a six-month period. That section does not require that the records be sealed. Presumably, a transcript of such a dismissal may be secured and become the basis for the return of fingerprints.
The situation resolves itself into one within which any person, not previously convicted and not being held on another charge, may demand and secure the return of his fingerprint record upon the dismissal of the pending charge against him, regardless *322 of the nature of that charge — except that individual whose dismissal is provided for by CPL 170.56.
The question to be determined is whether the refusal to issue to such defendant a certification of the dismissal of the accusatory instrument, so that he may secure the return of his fingerprints, is inconsistent with the provisions of section 79-e of the Civil Rights Law, CPL 170.55, and with the intent and purpose expressed in subdivision 4 of CPL 170.56.
Respondent is bound by all of the provisions of subdivision 3 of CPL 170.56 which provides not only “ that all official records and papers, relating to te defendant’s arrest and prosecution * * * be sealed and not made available to any person or public or private agency ” but also that “ such records shall be made available under order of a court for the purpose of determining whether, in 'subsequent proceedings, such person qualifies under this section for a dismissal or adjournment in contemplation of dismissal of the accusatory instrument
In CPL 170.56 the Legislature went beyond the provisions of CPL 170.55 by providing: that the adjournment must be encompassed and limited by conditions set by the court; that after the matter is deemed dismissed the court shall order all official records, as well as papers, to be sealed, whether on file with the court or a police department or the State identification and intelligence system; that such records shall not be available to any person; but that upon court order, the records shall be made available for the purpose of determining whether such person could qualify for a similar dismissal or adjournment of any subsequent proceedings. The Legislature further provided, in subdivision 4, that, upon granting the order sealing the records, the arrest shall be deemed a nullity.
The Legislature has the power to weigh the health, social and community effect of different acts. The Legislature has the power to evaluate the effects of the possession of marijuana on the health of the possessor and on society and may provide criminal procedures and penalties in dealing with the possession of marijuana different from that applicable to any other offense. The defendant need not move for adjournment in contemplation of dismissal, an opportunity granted by CPL 170.56, but if he does so, he cannot be heard to object to any of its provisions, unless his constitutional rights are violated thereby. The right to the return of fingerprints is a statutory, not a constitutional, right. If the Legislature ¿aw fit to have such defendant’s record hang over his head as a Damocles’ sword if the defendant moves under this 'section, he cannot thereafter deny its propriety.
*323 Subdivision 3 provides that the Judge, after the matter is deemed dismissed, must order the records sealed. Black’s Law Dictionary (4th ed., p. 1517) defines “ sealed” as fastened up so as to be closed against inspection of the contents. The Legislature saw fit to emphasize the sealing it provided for, by proscribing the availability of the sealed records only for the purpose of preventing the defendant from securing subsequent similar relief.
To grant this petition and to direct the respondent to issue to the petitioners a transcript of the determination of the accusatory instrument against the petitioners Kushner and Aboud, would be a futile and ineffectual gesture. Their records on file in the police agency and the New York State Identification and Intelligence System were also sealed.
Does such sealing violate the provisions of section 79-e of the Civil Rights Law? I hold that it does not. That section is applicable “ Upon the determination of the criminal action or proceeding against a person, in favor of such person”. A “ determination ” is defined in Black’s Law Dictionary (4th ed., p. 536), as the decision of a court of justice. In Eastman Kodak Co. v. Richards (123 Misc. 83), the court quotes dictionaries and decisions to the effect that “ determine ” means to settle by authoritative sentence, to decide, to perform a judicial act, a judgment given by a competent tribunal.
Section 79-e of the Civil Rights Law is therefore not dispositive, because there has been no determination, no judgment or decree in a criminal action in favor of the defendants made by a court or jury, but rather the nullification of an arrest and criminal proceedings by operation of law. The oider of the court does not determine the action, but, rather, follows upon the dismissal provided for in subdivision 2 of CPL 170.56.
The court has given much thought to this opinion, because it was concerned with the fact that young people are frequently required to answer questions on applications for employment, as .to whether they were ever arrested. Apparently the Legislature had this in mind when, in subdivision 4, it provided that ‘ ‘ the arrest * * * shall be deemed a nullity”. Black’s Law Dictionary (4th ed., p. 1216) defines nullity as an act or proceeding in a cause which the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect. It seems to me, therefore, that the answer to such a question would be in the negative if the only arrest was disposed of pursuant to CPL 170.56.
The petition is denied.