Marie G-. Santagata, J.
In this matter of first impression, a series of motions is before this court brought on by the District Attorney seeking to set aside orders of the court sealing the records of the above-named defendants pursuant to CPL 170.56, to wit, an adjournment in contemplation of dismissal. Although the District Attorney limits his request for relief to the unsealing of the records, the court will also address itself to whether the information shall be restored to the calendar and the defendant prosecuted thereunder.
In each case the facts weave a similar fabric. The defendant was charged with a violation of section 220.05 or 240.36 of the Penal Law, and the sole drug involved was marijuana. Having initially qualified under CPL 170.56, he was granted an adjournment for a 12-month period in contemplation of dismissal. At the termination of the 12-month period, the clerk stamped the file, “ Deemed dismissed in furtherance of justice.” An order was then signed by the Judge who originally granted the adjournment, directing that all official records and papers be *362 sealed, and that the arrest and prosecution be deemed a nullity, Thereafter, it was ascertained that during the 12-month adjourned period, prior to dismissal and prior to the sealing of the record, the defendant was convicted of another offense.
The defendant has obviously violated the conditions of the adjournment. However, the People did not learn of the same until the passage of the critical 12-month period. Query: should the dismissal be vacated and/or the records unsealed, and/or the matter restored to the calendar? Should the court grant one or more of the foregoing?
The avalanche of dispositions pursuant to GPL 170.56 has brought about a clerical nightmare. The system has understandably not yet produced a foolproof format that provides the necessary safeguards to insure an equitable disposition.
The legislative enactment is clear. Subdivision 2 of GPL 170.56 sets both the scope and limitation of the adjournment. It specifically limits the adjournment to a period not to exceed 12 months. The court may set conditions, and upon violation of any condition the court may revoke its order adjourning the case, and restore it to the calendar. This presupposes action within the Í2-month period. If the case is not restored to the calendar diiring the period fixed by the court which, as previously stated, cannot exceed 12 months, the accusatory instrument is deemed to have been dismissed in the furtherance of justice.
The court’s power of restoration is limited to 12 months next preceding disposition. The said period having passed, the court no longer is possessed of the authority to restore and is precluded by statute. It is understandable and regrettable that the quagmire of record keeping will permit some few to reap the benefit of a dismissal without truly meriting it.
Accordingly, the court will not on its own motion vacate the dismissal and restore the case to the calendar, it being the decision of this court' that if the case is to be restored it must be restored within the maximum adjourned period of 12 months.
The other question confronting the court is whether the order sealing the record should be set aside.
In adopting the afore-mentioned section, the Legislature intended to protect the first offender marijuana possessor from the stigma of a criminal record. Subdivision 3 of GPL 170.56 .states, .that-upon or after dismissal of such charges against a defendant not previously convicted of a crime, the court shall order that all official records, etc. be sealed and declared a nullity. The Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 11A, p. 52) following the said section, states that: *363 “ at least with respect to a defendant with no prior conviction, the whole charge and action will be wiped off the records and the face of the earth as a ‘ nullity ’ and that no one will ever know of this now erased blot on the defendant’s escutcheon ” (emphasis supplied).
It is apparent that it is the intent of the statute to seal the record and declare it a nullity only for the defendant with a clean record.
In the instant cases, the defendants did not have a clean record. Therefore, they were not entitled to have the records of this offense sealed and declared a nullity. The intent of the statute is clear and unambiguous. It is a condition precedent to sealing the files that the defendant himself be unblemished by a prior criminal record. The defendants herein do not qualify and may not enjoy the unique opportunity created by this statute.
Accordingly, the motions to set aside the sealing orders are granted.