John S. Lockman, J.
This is an omnibus motion by the defendant for the following relief:
A. For an order dismissing the indictment pursuant to CPL 210.20 (subd. 1, par. [a]) as a matter of law, or in the alternative for an evidentiary hearing with respect to whether this prosecution is barred by said statute;
B. For a bill of particulars, pursuant to CPL 200.90, setting forth the date, time and place of the alleged sale and possession charged in the indictment;
C. For an order permitting the defendant to inspect the Grand Jury minutes, if any, of each witness to be called by the People at an evidentiary hearing, if any, or in the alternative, for an in camera inspection of the same by the court;
D. For an order directing the People to furnish the defendant at the commencement of the evidentiary hearing, if any, with transcripts of the Grand Jury testimony and all other *922 prior statements of witnesses the prosecution intends to call;
E. For an order directing the Nassau County Police Department to produce for in camera inspection by the court the personnel folders of all police officers called by the prosecution as witnesses at said hearing, if any.
A. DISMISSAL OF THE INDICTMENT
The defendant moves to dismiss the indictment, pursuant to CPL 210.20 (subd. 1, par. [e]) which provides: “ After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * * (e) The prosecution is barred by reason of a previous prosecution, pursuant to section 40.20 ”.
CPL 40.20 provides in part:
“ 1. A person may not be twice prosecuted for the same offense.
“ 2. A person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless: * * * (c) One of such offenses consists of criminal possession of contraband matter and the other offense is one involving the use of such contraband matter, other than a sale thereof ”. (Emphasis supplied.)
Subdivision 1 of CPL 40.30 defines what constitutes previous prosecution as follows:
“ a person ‘ is prosecuted ’ for an offense within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either:
“ (a) terminates in a conviction upon a plea of guilty; or
“ (b) Proceeds to the trial stage and a witness is sworn.” (Emphasis supplied.)
Criminal transaction is defined in subdivision 2 of CPL 40.10 as follows: “ ‘ Criminal transaction ’ means conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.”
The defendant alleges facts in his moving papers which pose a unique problem for this court, one that research discloses has apparently not previously been dealt with by the courts of this State. Briefly, the defendant alleges as follows:
“ On August 7,1971, * * * one Marsha Polsky of Hewlett, New York, arranged for defendant to sell to two of her *923 * friends ’ 8 ‘ dimes ’ (a quantity of hashish wrapped in aluminum foil) of hashish.” It was Miss Polsky who first suggested the sale, made all of the arrangements in terms of time, place, etc. and communicated to defendant that her friends had ordered 8 dimes of hashish.
"When Miss Polsky told defendant that her friends wanted to buy 8 dimes, defendant counted 8 dimes’ worth of hashish, placed them in a borrowed car and, together with Miss Polsky, drove to Grant Park in Hewlett where the transaction was scheduled to take place.
When Miss Polsky’s friends came up to the window of the automobile which defendant was driving, one of them said, in substance, “ all we want are two dimes’ worth ”. During this transaction defendant observed off in the distance a stationary unmarked car with two male passengers who seemed to be observing the transaction.
As soon as the transaction was consummated, defendant drove off; however, Miss Polsky, who lived only a few blocks from Grant Park, insisted on being taken home immediately. As defendant was driving Miss Polsky, he observed said unmarked car following him.
Approximately 5 minutes after the transaction, and after dropping Miss Polsky off at her home, defendant was stopped by the drivers of said unmarked car and placed under arrest for possession of 6 dimes ’ worth of hashish. The arrest occurred at Sunrise Highway, near Greenacres Shopping Center, in Valley Stream, a very short distance by car from Grant Park in Hewlett.
It is apparent from the foregoing that defendant was set up for the subsequent possession charge by Miss Polsky’s “ friends ” who were obviously police undercover agents and then arrested by the police back-up team who witnessed the transaction. The buyers obviously purchased only two dimes’ worth so as to assure that, when apprehended a few minutes later, defendant would be in possession of hashish.
The conclusion that we are here dealing with a single criminal incident or venture is most compelling. In point of “ circumstance of commission ”, the hashish sold by defendant was from the same source (the 8 dimes) as the hashish subsequently found in defendant’s possession. Indeed, the buyers themselves were in a sense actually responsible for that possession; had they purchased all the hashish they had ordered, defendant would not have been in possession of any hashish. Moreover, the arrest occurred approximately 5 minutes after the sale by *924 the same persons who had witnessed the sale; thus, the connection in point of time is also clear.
On the possession charge which occurred in Valley Stream on August 7, 1971, the defendant was charged with a violation of section 220.05 of the Penal Law (criminal possession of a dangerous drug in the sixth degree), a Class A misdemeanor. That charge was adjourned in contemplation of dismissal (ACOD) by then District Court Judge Edwabd A. Baker on October 5, 1971. Then, on March 8, 1972 the defendant was indicted by the Nassau County Grand Jury for one count of criminally selling a dangerous drug in the third degree (Penal Law, § 220.35), a Class C felony, and for one count of criminally possessing a dangerous drug in the fourth degree (Penal Law, § 220.15), a Class D felony, both sale and possession alleged to have occurred in Hewlett on August 7,1971.
The People’s answering affidavit and the Grand Jury minutes reveal a slight discrepancy with the more factually complete version alleged by the defendant. For purposes only of treating the law on this point, we will assume that the defendant’s version is what actually happened.
First, the defendant’s double jeopardy argument must be rejected, even assuming arguendo that the facts indicate a single criminal incident. The statutory language as to when a person is prosecuted is clear; a person is prosecuted when a criminal action commenced by the filing of an accusatory instrument either terminates in a conviction on a plea of guilty, or proceeds to the trial stage and a witness is sworn. (CPL 40.30, subd. 1.) An “ ACOD ” is neither of these. An “ ACOD ” is “an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice.” (CPL 170.55, subd. 2; also CPL 170.56.) An “ ACOD ” is therefore not unlike any other pretrial or preguilty plea adjournment. It is more an adjournment than it is a disposition, as subdivision 2 of CPL 170.55 and subdivision 2 of CPL 170.56 make clear. The “ ACOD ” is not a disposition, judgment or decree in favor of a defendant in a criminal action; it is rather the nullification of an arrest and criminal proceedings by operation of law. (Kushner v. De La Rosa, 72 Misc 2d 319.) As further described in People v. Campo (71 Misc 2d 6, 7-8):
“ An adjournment in contemplation of dismissal is not a dismissal on the merits nor is it a conviction, but it is a remedy offered to first offenders accused of marijuana possession, and *925 affords them, an opportunity not given to them by any other provisions of law to get back the original records of an arrest as well as other evidence that they were ever arrested.
“ Certainly this is a more tempting offer to a defendant than a plea of not guilty and the possibility of conviction after trial by either a Judge or a Judge and jury.”
The consent of the People to the adjournment in marijuana cases is usually not necessary; the purpose, once the dismissal is achieved, is to make the entire affair a nullity. (People v. Campo, supra; Practice Commentary to CPL 170.56, by Richard G-. Denzer, McKinney’s Cons. Laws of N. Y., Book 11 A.)
We are constrained by the clear statutory language and by the nature and character of an “ ACOD ” to reject the defendant’s double jeopardy claim. There is no double jeopardy here because there is no previous prosecution. (CPL 40.30, subd. 1.)
A second issue arises under CPL 40.40. That section was formulated to deal with the problem of “ repeated prosecutions for different and factually distinct offenses arising out of the same criminal transaction under circumstances wherein no violation of the double jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions.” (Emphasis supplied.) (Practice Commentary to CPL 40.40, by Richard Gr. Denzer; see, also, People v. Fernandez, 43 A D 2d 83.) The intent of the section is to outlaw, by legislation, repeated prosecutions for offenses arising out of the same criminal transaction. (See Practice Commentary to CPL 40.40, supra.)
Let us assume again, only for the purpose of treating the law on this point, that the facts are as the defendant has alleged, and further that the two indictment counts and the misdemeanor complaint (which was adjourned in contemplation of dismissal in District Court) all arose from a single criminal incident. We have already decided that this is not a double jeopardy situation because there has been no previous prosecution (CPL 40.30, subd. 1). Does the equitable type relief afforded by CPL 40.40 bar prosecution of the indictment in this court because of the “ ACOD ” granted by the District Court on a possession of marijuana charge arising from the same criminal incident?
Subdivision 2 of CPL 40.40 is the applicable statute. It provides: “ When (a) one of two or more joinable offenses of the kind specified in subdivision one is charged in an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support *926 a conviction of the defendant for such uncharged offense, and (c) either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty, any subsequent prosecution for the uncharged offense is thereby barred.” (Emphasis supplied.)
Once again the operative phrase is “ a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty ” that is that there has been a previous prosecution, as set forth in subdivision 1 of CPL 40.30. The simple fact is there has been no previous prosecution here. An “ AOOD ” does not fit the statutory definition of a previous prosecution. It is not a “ disposition, judgment or decree ” (Kushner v. De La Rosa, 72 Misc 2d 319, supra). It is not “ a dismissal on the merits nor is it a conviction ” (People v. Campo, 71 Misc 2d 6, supra). We are therefore constrained by the language of the statute and by the nature and character of an “ ACOD ” to hold that the prosecution of the indictment herein is not barred by CPL 40.40.
Based on the foregoing, the motion to dismiss because the instant prosecution is barred by a previous prosecution must be denied. Since we reach this result assuming the defendant’s allegations of fact to be true, there is no need for an evidentiary hearing on this matter. There is a certain irony in all of this — if the defendant’s factual allegation were true, and if the court found from those factual allegations a single, criminal incident (which is likely especially in view of the standard laid down in People v. Fernandez, 43 A D 2d 83, 89, supra), and if the defendant had pled guilty to the misdemeanor possession charge in District Court, the, prosecution of the instant indictment would probably be barred. The People would have lost two felony drug counts, which probably were the result of often perilous undercover work. If the defendant’s factual allegations were true, overzealousness could have been costly to the People, and cannot be condoned.
B. BILL OP PARTICULABS
The request for time, date and place is denied as moot, the requested particulars having been provided the defendant and the court in the People’s answering affidavit.
C, D, and E are denied as moot. Each request was contingent on the holding of an evidentiary hearing, the necessity of which has been disposed of above.