I. Stanley Rosenthal, J.
The application by the District Attorney to vacate the September 26, 1973 granting of an adjournment in contemplation of dismissal and to restore the case to the calendar for trial is in all respects granted. The Clerk of Criminal Part I is directed to set this matter down for trial at the earliest possible date.
The fact pattern involved in this motion seems to be one of first impression, that has not been passed upon since CPL 170.56 was enacted.
The defendant Mann was arrested on August 21, 1973 and charged with violating section 220.05 of the Penal Law. (L 1965, ch 1030, repealed by L 1973, ch 276, § 18.) On September 26, 1973 the defendant, represented by counsel, filed an affidavit in contemplation of dismissal under CPL 170.56. In that affidavit he stated affirmatively that he had not previously been granted a dismissal under that section. The court granted the application.
The 12-month period provided for in CPL 170.56 elapsed in due course and the dismissal was finalized on September 27, 1974. About four months after that date, the People moved to set aside the dismissal on the ground that the same defendant had been granted another adjournment in contemplation of dismissal on September 30, 1971, which cause was deemed dismissed on October 2, 1974, less than a year prior to the one involved here. The affidavit in opposition does not deny that *444 defendant failed to disclose the previous dismissal in his September 26,1973 application.
All the attorney’s affirmation in opposition urges upon the court is that one year has elapsed since the granting of the adjournment so that the District Attorney does not now have the authority to ask for the relief sought.
Defendant relies upon People v Connor (76 Misc 2d 361). The court is well aware of that decision by my learned colleague. However, the facts here are readily distinguishable from those in Connor (supra). In Connor the District Attorney sought to set aside the dismissal and to unseal the records because the defendant was convicted of another offense within the 12-month period after the dismissal, although the People apparently did not learn about it until the 12-month period had elapsed.
In Connor there was no false representation at the time the application for the adjournment in contemplation of dismissal was made. The second conviction occurred after the application had been granted. Here we have a situation where the defendant knew at the time he made the statement that he had received the benefit of a dismissal under CPL 170.56, but did not disclose that fact. Had he disclosed that fact there is no doubt that the adjournment in contemplation of dismissal would not have been granted.
It is indeed interesting to note that in Connor even though the Judge refused to grant a vacation of the dismissal, it did grant unsealing of the record since the defendant did not qualify under CPL 170.56 (subd 3).
It is necessary for us to examine the purpose of CPL 170.56 to ascertain the intention of the Legislature. As so aptly put in the practice commentary by the Hon. Richard G. Denzer (McKinney’s Cons Laws of NY, Book 11 A, CPL, Practice Commentary to section 170.56, p 52): This provision was enacted in the interest of justice to give the first time marijuana defendant an opportunity to be relieved of a drug possession offense. This is a singular application of the law, which no other defendant receives even under CPL companion section 170.55 which applies to crimes other than drug-related ones. Under CPL 170.56 defendant is actually wiped clean and the arrest and everything following it is declared a nullity so that it does not form a "blot on the defendant’s escutcheon”.
By the very language of the section it is clear that the only one who is entitled to this treatment is one who has a clean *445 record and is in trouble for the first time on a drug-related charge and the sole dangerous drug involved is marijuana. This is a technical procedure which can only be met by a strict application of the conditions found in this section.
Technically, as well as in the interests of justice, it cannot be said that this defendant properly applied for treatment under CPL 170.56.
The court which granted the adjournment in contemplation of dismissal was led down the path by a deliberate misrepresentation, which the defendant now seeks to use to bar prosecution.
There is no doubt that this court possesses the inherent power to correct a mistake which was generated through defendant’s misrepresentation. It is crystal clear that the act of the Judge in granting the September 23, 1973 adjournment was ministerial in nature in that the court is compelled by CPL 170.56 to grant the motion in contemplation of dismissal as long as the application set forth the basic representations upon which such an application can be granted. (See Matter of Silver v Gassman, 6 AD2d 694; see, also, 49 NY Jur, Records and Recording Acts, § 14.)
It is interesting in this connection to examine CPL 170.55 which applies to nondrug offenses. In People v Pomerantz (76 Misc 2d 766) on an application to restore to the calendar a proceeding which had been adjourned in contemplation of dismissal, the court stated most emphatically that although the statute provided that the case must be restored if the People’s application is made within six months after the adjournment, this language does not prevent the court from restoring a case to the calendar if the adjournment should not have been granted in the first place.
Certainly in the matter before us the court may exercise its inherent power to set aside an unjust order of this court. Just as a defendant must be protected in every reasonable way from becoming a victim of unlawful acts even though he is charged with a crime, so do the People have the right to be protected from an individual who takes advantage of a statute which grants him special consideration, and abuses it to the detriment of the People. In order to avoid a miscarriage of justice insofar as the People are concerned, this motion must be granted in all respects.
As so well articulated in Matter of Burge (203 Misc 677), the *446 inherent power of the court lies to do that which is necessary for the proper and complete administration of justice.
It is manifest that an adjournment in contemplation of dismissal is not a dismissal on the merits. It is merely a remedy afforded certain first drug offenders to keep their names clean. (People v Campo, 71 Misc 2d 6.) It should not be used to frustrate prosecution where the recipient has misled the court.