OPINION OF THE COURT
Alan I. Friess, J.
The issue presented is whether a defendant may be granted an adjournment in contemplation of dismissal (ACD) under CPL 170.56, without the District Attorney’s consent, where the defendant has been granted a prior ACD under CPL 170.55. The resolution of this issue requires an interpretation of "such” in CPL 170.56 (subd 1, par [a]), a construction heretofore unreported.
On March 19, 1979 this defendant was arrested for criminal sale and possession of marihuana and resisting arrest. With the consent of the District Attorney's office, all charges were ACD’ed pursuant to CPL 170.55.
On January 3, 1980 this defendant was again arrested and charged with criminal sale and possession of marihuana (Penal Law, §§ 221.40, 221.15), botlk misdemeanors.
*459 The defendant has now moved for an ACD of the present marihuana charges pursuant to CPL 170.56. The District Attorney’s office opposes the granting of the defendant’s application on the grounds that the defendant has already received an ACD under CPL 170.55 in the previous matter involving marihuana. They argue that the court does not have the authority to grant the present ACD (CPL 170.56) application without the prosecutor’s consent.
CPL 170.56 states in pertinent part: "1. Upon or after arraignment in a local criminal court * * * where the sole remaining count or counts charge a violation or violations of section 221.05, 221.10, 221.15, 221.35, or 221.40 of the penal law * * * the court, upon motion of a defendant, may order that all proceedings be suspended and the action adjourned in contemplation of dismissal * * * provided, however, that the court may not order such adjournment in contemplation of dismissal * * * if: (a) the defendant has previously been granted such adjournment in contemplation of dismissal * * * and the district attorney does not consent” (emphasis added). It should be noted that CPL 170.56 (subd 1, pars [b]-[e]) is inapplicable to the case before the court.
It is unquestioned that under CPL 170.56 a defendant who is granted an ACD is offered certain benefits not accruing under CPL 170.55. In appropriate circumstances not only is the consent of the District Attorney not required under CPL 170.56 (as it is required under the more general ACD provisions of CPL 170.55) but the arrest itself is deemed a nullity. (People v Campo, 71 Misc 2d 6, 7; Kushner v De La Rosa, 72 Misc 2d 319, 323.) An ACD under CPL 170.56 "is a singular application of the law, which no other defendant receives even under CPL companion section 170.55 which applies to crimes other than drug-related ones.” (People v Mann, 83 Misc 2d 442, 444.)
McKinney’s Consolidated Laws of New York (Book 1, Statutes, § 254) states: "By what is known as the doctrine of the 'last antecedent,’ relative and qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote, unless extension is clearly required by a consideration of the entire act. Thus, the word 'such,’ when used in a statute, must, in order to be intelligible, refer to some antecedent, and will generally be construed to refer to the last antecedent in the context, unless some *460 compelling reason appears why it should not be so construed.” Section 254 further states that "the relative is always to be referred to such antecedents as will give the clause a sensible and reasonable meaning, and never, of course, is a grammatical construction to be followed when it leads away from the legislative intent.”
Applying these rules of statutory construction to CPL 170.56 (subd 1, par [a]) it is clear that "such”, as used in that section, refers to the situation where a defendant has a previous ACD under CPL 170.56 and not CPL 170.55. Thus, if the defendant had a previous CPL 170.56 ACD, then the court could not grant a subsequent CPL 170.56 ACD over the prosecutor’s objection. I
The court concludes that in writing CPL 170.56 as it did the Legislature intended that an application could be made, and granted, under CPL 170.56 where the defendant has not previously received this type of ACD. For the prosecution to be able to invoke that earlier ACD to prevent the court from granting this defendant’s CPL 170.56 application would be contrary to the intent of thesé different statutory sections and would be contrary to the plain language of the statute itself.
Accordingly, the defendant’s application for an ACD pursuant to CPL 170.56 is granted, over the District Attorney’s objection. ¡