*307 OPINION OF THE COURT
Dana Mitchell Jaffe, J.
The defendant, Michael Abramo, moves for an order granting an adjournment in contemplation of dismissal pursuant to CPL 170.56, or, in the alternative, moves for an order granting dismissal in the furtherance of justice pursuant to CPL 170.56, 170.40 and People v Clayton (41 AD3d 204 [1973]). The People oppose the motion.
The defendant, Michael Abramo, was charged with violating Penal Law § 221.40 (sale of marihuana) on the campus of Adelphi University, on three separate occasions: November 14, 2006, November 20, 2006 and November 21, 2006. On November 28, 2006, at approximately 4:30 p.m., the defendant was placed under arrest for all three offenses. Each offense was filed by separate informations and received separate docket numbers: 30501/06, 30502/06, 30503/06.
Defendant’s counsel seeks to have this court grant an adjournment in contemplation of dismissal (ACD) pursuant to CPL 170.56 to this defendant as she maintains that the statute was enacted for this very situation. The defense states that “Michael Abramo is the exact candidate the legislature intended the statute would apply to. He is a young man without any prior contact with the criminal justice system ...” and that his entire future could be affected by these charges (see, affirmation in support of motion 1119). Alternatively, the defendant’s counsel argues that the court should dismiss the charges in furtherance of justice.
CPL 170.56, entitled “Adjournment in contemplation of dismissal in cases involving marihuana,” states in relevant part:
“1. Upon or after arraignment in a local criminal court upon an information, a prosecutor’s information or a misdemeanor complaint, where the sole remaining count or counts charge a violation or violations of sections 221.05, 221.10, 221.15, 221.35 or 221.40 of the penal law and before the entry of a plea of guilty thereto or commencement of a trial thereof, the court, upon motion of a defendant, may order that all proceedings be suspended and the action adjourned in contemplation of dismissal, or upon a finding that adjournment would not be necessary or appropriate and the setting forth in the record of the reasons for such findings, may dismiss in furtherance of justice the accusatory instrument; *308 provided, however, that the court may not order such adjournment in contemplation of dismissal or dismiss the accusatory instrument if: (a) the defendant has previously been granted such adjournment in contemplation of dismissal, or (b) the defendant has previously been granted a dismissal under this section, or (c) the defendant has previously been convicted of any offense involving controlled substances, or (d) the defendant has previously been convicted of a crime and the district attorney does not consent or (e) the defendant has previously been adjudicated a youthful offender on the basis of any act or acts involving controlled substances and the district attorney does not consent” (emphasis added).
CPL 170.56 was enacted in 1971 for the purpose of giving first time marihuana defendants an opportunity to be relieved of a drug possession offense, in the interests of justice (see, People v Mann, 83 Misc 2d 442 [Nassau Dist Ct 1975]). The effect of this statute is that the defendant’s record is “wiped clean and the arrest and everything following it is declared a nullity so that it does not form a ‘blot on the defendant’s escutcheon’ ” (see, id. at 444). The Mann court (supra) went on to describe the defendants that are entitled to an adjournment in contemplation of dismissal involving marihuana as those defendants “who h[ave] a clean record and [are] in trouble for the first time on a drug-related charge and the sole dangerous drug involved is marijuana” (id. at 444-445).
In People v Ford (104 Misc 2d 458, 460 [Crim Ct, Kings County 1980]), the court determined that, “if the defendant had a previous CPL 170.56 ACD, then the court could not grant a subsequent CPL 170.56 ACD over the prosecutor’s objection.” However, if no previous ACDs pursuant to CPL 170.56 had been granted, then the prosecutor’s consent is not required.
In opposition to the defendant’s motion, the People argue that the defendant is not entitled to receive an adjournment in contemplation of dismissal as the defendant has been charged, under three separate docket numbers, for violating Penal Law § 221.40, on three separate dates, comprising three separate incidents. Furthermore, the People refer to the plain language of CPL 170.56, which reads in relevant part: “the court, upon motion of a defendant, may order that all proceedings be suspended and the action adjourned in contemplation of dismissal ...” (emphasis added), thus indicating that the applica *309 tion of CPL 170.56 is not mandatory, but rather discretionary (see e.g., People v Mendoza, 82 NY2d 415 [1993]). The People further maintain that it was not the intention of the Legislature to allow a defendant to “accrue several charges for committing crimes and different dates and be treated differently than a defendant who had been before the court on different dates for the same separate charges” (see, affirmation in opposition to motion ¶ 21). Lastly, the People argue that the defendant has not demonstrated by a preponderance of credible evidence that a compelling reason exists to warrant dismissal in the interests of justice.
This court agrees with the People. In Leader v Maroney, Ponzini & Spencer (97 NY2d 95, 104 [2001]), the Court used the plain meaning rule to interpret statutory meaning:
“In interpreting a statute, the starting point in any analysis must be the plain meaning of the statutory language (see, Rosner v Metropolitan Prop. & Liab. Ins. Co., 96 NY2d 475, 479; Majewski v BroadalbinPerth Cent. School Dist., 91 NY2d 577, 583). We have recognized that meaning and effect should be given to every word of a statute. ‘Words are not to be rejected as superfluous where it is practicable to give each a distinct and separate meaning’ (Cohen v Lord, Day & Lord, 75 NY2d 95, 100; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 231).”
With regard to the defendant’s request for an adjournment in contemplation of dismissal, this court does not find that the defendant qualifies, nor is he the type of individual contemplated by the Legislature in enacting this statute. The present defendant has engaged in a pattern of behavior, i.e., selling marihuana, on multiple occasions, providing no indication that he was committing this violation as a first time offender. Merely because he was not arrested after his first sale does not satisfy this court that he is entitled to the benefit of CPL 170.56.
With regard to the defendant’s alternative argument for dismissal in the interest of justice, CPL 170.40 states in relevant part:
“1. An information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof, may be dismissed in the interest of justice, as provided in paragraph (g) of subdivision one of section 170.30 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs *310 (a) through (f) of said subdivision one of section 170.30, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice. In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
“(a) the seriousness and circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
This aspect of the defendant’s motion is commonly referred to as a Clayton motion. (People v Clayton, 41 AD2d 204 [1973].) Such a motion should be granted only where a defendant has demonstrated by a preponderance of the credible evidence that a compelling reason exists to warrant dismissal in the interest of justice. If the defendant fails to meet this burden, the court may summarily deny the motion (People v Schlessel, 104 AD2d 501 [1984]). As noted by the court in People v Gragert (1 Misc 3d 646, 648 [2003]):
“When deciding a motion to dismiss in the interest of justice, it is not necessary to engage in a point- *311 by-point ‘catechistic’ discussion of all 10 factors listed under Criminal Procedure Law § 170.40 (1). (Rickert, 58 NY2d at 128.) Instead, the court is required to consider the factors ‘individually and collectively’ in making a value judgment that is based upon striking a sensitive balance between the interests of the individual and those of the state. (People v Hannon, 181 AD2d 34, 35 [1st Dept 1992].) In so doing, the court must be mindful that its power to grant the relief is neither absolute nor uncontrolled (see People v Wingard, 33 NY2d 192, 196 [1973]), and that such power should be exercised ‘sparingly.’ (People v Howard, 151 AD2d 253, 256 [1989], lv denied 74 NY2d 811 [1989].)”
In the instant matter, defendant can point to no factor which would warrant a dismissal in the interests of justice. The court has examined each factor set forth in CPL 170.40 and concludes that defendant has failed to meet his burden to satisfy the court that a dismissal of these charges would in any way serve the interests of justice.
Accordingly, the defendant’s motion is denied in its entirety.