OPINION OF THE COURT
Brian D. Burns, J.
Petitioner filed a petition for violation of an order of protection (hereinafter referred to as the violation petition) on July 17, 2008. On December 29, 2008, respondent filed a notice of motion, which was made returnable on January 12, 2009. Respondent seeks dismissal of the violation petition on the ground that the action is barred by res judicata and double jeopardy. Petitioner filed her opposition to the motion by and through her attorney on January 8, 2009. The attorney for the children also filed an affirmation in opposition to the motion on January 6, 2009. The court heard the motion on January 12, 2009, and has considered all arguments made, as well as supporting papers submitted.
Relevant Background
This court issued a final order of protection on September 25, 2007, which directed, among other things, respondent to stay 500 feet away from petitioner and their two children. In her violation petition, petitioner alleges that, on June 25, 2008, respondent pulled into a local convenience store where she was with the two children. She further alleges that respondent spoke with the parties’ daughter and engaged in a fight with petitioner. Petitioner made a complaint to the police, and an arrest warrant was issued for respondent.
According to respondent’s papers, he was arrested on a charge of criminal contempt in the second degree and arraigned in the Town of Guilford Court on July 1, 2008. At the conclusion of the arraignment, respondent requested an adjournment in con *681 templation of dismissal, and the same was granted. It is not clear whether the adjournment in contemplation of dismissal was granted upon consent of the People as required by CPL 170.55 or whether the alleged victim, the petitioner in this matter, was present at the arraignment, but this court is without authority to address that issue.
Petitioner’s violation petition, filed July 17, 2008, is based upon the same incident which led to respondent’s arrest and resultant adjournment in contemplation of dismissal.
Conclusions of Law
The court will address, first, that aspect of the motion requesting dismissal of the violation petition on the ground that it is barred by double jeopardy.
New York criminal courts have concurrent jurisdiction with family courts over all family offense proceedings. (See Family Ct Act § 115 [e]; § 812 [1]; CPL 100.07, 530.11 [1].) The scheme of concurrent jurisdiction was created by the Legislature in 1994 in recognition of the vital need to treat domestic violence as criminal behavior. (See People v Wood, 95 NY2d 509, 512 [2000].) Notwithstanding the fact that this Family Court is a civil court, it nevertheless has authority to incarcerate a respondent for violation of a court order. (See Family Ct Act § 812 [2] [b]; § 846-a.) This potential for imposition of a punitive sanction upon a finding of contempt of court, undoubtedly raises the specter of double jeopardy protection. (See Matter of Alfeo v Alfeo, 306 AD2d 471, 471-472 [2d Dept 2003].)
New York’s “double jeopardy” statute provides that a person may not be twice prosecuted for the same offense or separately prosecuted for two offenses based upon the same act unless the “offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other.” (See CPL 40.20 [1], [2] [a].) With respect to the matter pending in this court, Family Court Act § 846-a requires proof that respondent “willfully failed to obey” a “lawful order” or order of protection. Criminal contempt in the second degree, with which respondent was charged in criminal court, requires proof of “[ijntentional disobedience or resistance to the lawful process or other mandate of a court.” (See Penal Law § 215.50 [3].) Minor semantic differences aside, the elements of each offense are not distinguishable. Accordingly, if respondent was prosecuted in criminal court on the criminal contempt charge, he could not be *682 then subject to a punitive sanction before this court, and vice versa. (See People v Wood, supra.)
The essential question, then, as to whether an adjournment in contemplation of dismissal in criminal court constitutes a previous prosecution for double jeopardy purposes, thereby barring the action in Family Court for contempt, appears to be one of first impression.* This court concludes that an adjournment in contemplation of dismissal does not constitute a previous prosecution. CPL 40.30 (1) states that a person is prosecuted when the action either:
“(a) terminates in a conviction upon a plea of guilty; or
“(b) [pjroceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.”
The criminal matter, having concluded at arraignment, does not fall into either of these categories.
Accordingly, that aspect of the motion requesting the violation petition be dismissed on double jeopardy grounds is denied.
The court will address, next, that aspect of the motion seeking dismissal of the violation petition on the ground of res judicata.
“Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action. As a general rule, ‘once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.’ ” (See Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999] [citations omitted].)
The principle of res judicata is applicable in criminal, as well as civil, matters. (See United States v Oppenheimer, 242 US 85 [1916].)
This court must assess, then, whether the adjournment in contemplation of dismissal in a criminal matter constitutes a “final conclusion” barring subsequent litigation. This court concludes that it does not constitute a final conclusion. Certainly, the use of the word “adjournment” connotes anything but finality. More importantly, “[w]here a criminal charge has been adjudicated upon by a court having jurisdiction to hear *683 and determine it, the adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon.” (See Oppenheimer at 88.) Final conclusion, in the context of criminal matters, means acquittal or conviction.
Accordingly, that aspect of the motion requesting the violation petition be dismissed on res judicata grounds is denied.
Based upon the foregoing, it is hereby ordered that the motion for dismissal of the violation petition filed by respondent on December 29, 2008 is dismissed.

 The court notes People v Kephart (77 Misc 2d 921 [Nassau County Ct 1974]), which is instructive but not controlling. In Kephart, the County Court found that an adjournment in contemplation of dismissal did not constitute a previous prosecution for double jeopardy purposes.