**BRADLEY v. AMERICAN RADIATOR & STANDARD SANITARY CORPORATION.**

No. 128, Docket 20416.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1947.

40

Schlesinger & Schlesinger, of New York City (Maurice M. Kreis and Hyman Goldstein, both of New York City, of counsel), for appellant.

Sullivan & Cromwell, of New York City (Inzer B. Wyatt, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This is an action, originally brought in the state court, for breach of a contract of employment by which the defendant agreed to pay the plaintiff a commission or fee contingent upon his obtaining for the defendant from the Chemical Warfare Department of the United States Army orders for the manufacture of cast iron noses for incendiary bombs. After removal of the case to the district court on the ground of diverse citizenship, the defendant moved for dismissal of the action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This motion presented the question whether the employment contract is unenforceable because contrary to public policy. Judge Leibell considered the problem in a commendably thorough opinion; D.C., 6 F.R.D. 37, and held the contract void. Little need be added to his discussion.

In order to prevail the appellant must bring himself within the exception of Executive Order No. 9001, 50 U.S.C.A. Appendix § 611 note, 6 F.R. 6787. The complaint shows that he has not done so. Executive Order No. 9001 requires every contract entered into pursuant to the order to contain a warranty by the contractor that he has not employed any person to solicit the contract on a contingent fee basis but excepts "Commissions payable by contractors upon contracts or sales secured or made through bona fide established commercial or selling agencies maintained by the contractor for the purpose of securing business." In Reynolds v. Goodwin-Hill Corp., 2 Cir., 154 F.2d 553, this court construed the exception to apply to an agent employed generally to drum up business for the contractor but not to an agent employed to procure a specific contract. The appellant urges that such distinction was unnecessary to the decision and is unsound. It is true that the pronouncement as to the employment of an agent to procure specific contracts upon a contingent fee was a dictum but we still think it was a correct interpretation of the Executive Order. The

exception creates a privileged class who may receive contingent fees for securing government contracts, while others may not. Not only should grants of special privileges be jealously restricted, but such a restriction is also in the interest of maintaining the integrity of governmental contracting procedure. Moreover, the use of the words "Maintained by the contractor" suggests an intention to restrict the exception to continuing relationships between the contractor and his agent. The contract alleged in the complaint violates the public policy declared in the Executive Order.

Accordingly the judgment is affirmed.