## SEACOAST LIQUOR DISTRIBUTORS, Inc., v. KIPS BAY BREWING CO., Inc.

District Court, S. D. New York.

Sept. 10, 1947.

On Rehearing Oct. 3, 1947.

Samuel Bernstein, of New York City (Thomas R. Strahan, of New York City, of counsel), for plaintiff.

Lord, Day & Lord, of New York City (Woodson D. Scott, of New York City, of counsel), for defendant.

MEDINA, District Judge.

■■ The motion is denied. In order to make applicable here the reasoning of Bradley v. American Radiator & Standard Sanitary Corp., D.C., 6 F.R.D. 37, affirmed 2 Cir., 159 F.2d 39, the illegality of the contract relied upon by defendant must appear upon the face of the affirmative defense which plaintiff seeks to strike. Affidavits may not be relied upon to demonstrate such alleged illegality. Nor is there any basis for the alternative relief requested.

Settle order on notice.

### On Rehearing.

■ The motion for reargument is granted and the conclusion previously reached is adhered to. Counsel mistakenly rely on Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which is applicable to motions to dismiss the complaint, whereas a motion to strike an affirmative defense for insufficiency is governed by Rule 12(f). On such a motion affidavits may not be considered.

■■ The motion for summary judgment is also denied. This is not because of any error, irregularity or omission on the part of counsel for plaintiff but because the sit-

uation disclosed by the pleadings and the affidavits and briefs is not a proper one for summary judgment. The legality or illegality of the agreement alleged in the affirmative defense under attack, which was evidently verbal, and the terms of which appear to be in dispute, should be determined on the trial when all the attendant facts and circumstances as well as the conflicting testimony relative to the agreement entered into by the parties, if any, can be fully inquired into. Furthermore, even in the absence of the existing controversy on the facts, it is difficult to see how the elimination of this affirmative defense could lead to any judgment, summary or otherwise. It would merely narrow the area of dispute; and the Rules do not appear to contemplate the use of the summary judgment procedure in situations such as the present one.

Motion denied.

Settle order on notice.