■ MILAGROS PEREZ et al., Individually and on Behalf of All Other Persons Similarly Situated, Appellants, v JAMES R. DUMPSON, Individually and as Commissioner of the New York City Department of Social Services, et al., Respondents.—In an action, *inter alia,* to declare invalid the practice and policy of the defendants-respondents, of securing confessions of judgment from welfare recipients who have received overpayments of public assistance benefits, the appeal is from an order of the Supreme Court, Queens County, dated December 1, 1976, which (1) denied plaintiffs' motion for summary judgment, (2) denied plaintiffs' application to deem this a class action, (3) granted partial summary judgment to respondents by declaring that their practice of securing confessions of judgment is carried out pursuant to lawful authority and (4) dismissed the complaint. Order modified, on the law, by (1) adding to the second decretal paragraph thereof, after the words "lawful authority", the following: "except that the practice and policy of the defendants in securing confessions of judgment from those recipients of public assistance who received overpayments solely as a result of administrative error, and who are still receiving benefits, is declared invalid" and (2) adding to the fourth decretal paragraph thereof, after the word "hereby", the word "otherwise". As so modified, order affirmed, without costs or disbursements. In our opinion, respondents' practice and policy of securing confessions of judgment from those who have received overpayments of welfare benefits is not invalid in the following two circumstances: (1) where the recipients honestly sought and received public assistance but were ultimately found to be ineligible; and (2) where the recipient sought and received public assistance by fraudulent means or representations. In the case of those who have received overpayments of benefits solely as a result of administrative error, and are still receiving benefits, the exclusive remedy is "recoupment" out of future payments (see Social Services Law, § 106-b). In such situations there is no warrant or authority for extracting a confession of judgment and it seems clear that because the benefit recipient is at least at the apparent mercy of the Department of Social Services, any confession of judgment would, in the very nature of things, be a coerced one. In the other two situations, however, we do not agree with the plaintiffs-

appellants that the respondents have no right to sue in order to recover overpayments from those no longer receiving assistance unless, pursuant to subdivision 1 of section 104 of the Social Services Law, they are "discovered to have real or personal property". Thus, plaintiffs argue that this section does not permit respondents to seek a recovery out of any subsequently earned income or property acquired as a result of such income. We disagree. Subdivision 1 of section 104 in no way speaks to recoupment of overpayments. Rather, it permits a welfare agency to recover out of a "windfall", such as an inheritance or personal injury recovery, the total amount of all public assistance payments which were received during the previous 10 years. Thus, it applies to a recovery of the "principal" sum paid out and is not limited to overpayments. Since section 106-b of the Social Services Law permits recoupment of overpayments out of future benefits, it is clear that a welfare agency would be placed in an anomalous situation in the case of those no longer receiving assistance. Thus, if, in the case of those still on the rolls, recoupment may be gained out of future payments, which may be likened to income, how much more should recovery be permitted out of the earned income of those who are no longer recipients of any assistance? Such an interpretation fully comports with common sense and the apparent intendment of the Legislature. Upon the argument of this appeal the respondents agreed to vacate all confessions of judgment obtained by them from persons who, at the time such confessions were obtained, were properly aid recipients. Finally, Special Term was correct in denying class action relief. Such action is inappropriate where governmental operations are involved and subsequent complainants will be adequately protected by the principle of *stare decisis* (see *Matter of Martin v Lavine,* 39 NY2d 72; *Baumes v Lavine,* 38 NY2d 296; *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Rivera v Trimarco,* 36 NY2d 747; *Sharrock v Dell Buick-Cadillac,* 56 AD2d 446). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur. [88 Misc 2d 506.]