■ In the Matter of ELAYNE STUTZMAN, Appellant, v JOHN J. FAHEY, as Commissioner of the Albany County Department of Social Services, Appellant, and PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, Respondent.—Appeals (1) from an order of the Supreme Court at Special Term, entered February 17, 1977 in Albany County, which required the payment of a sum of money by appellant Fahey to petitioner, and (2) from a judgment of said court, entered February 18, 1977, which granted a motion to dismiss the petition as to respondent Toia. Petitioner was the recipient of a grant of aid to dependent children. Following a fair hearing, it was determined that the Albany County Department of Social Services had been improperly deducting approximately $42 monthly from petitioner's grant since June 30, 1976. In the fair hearing decision dated January 10, 1977, the agency was directed to restore to the petitioner any amounts withheld from her grant by reason of deductions made after June 30, 1976. The decision also allowed the agency, if warranted, to take appropriate action to recover any recoverable overpayments of assistance. In a letter to petitioner dated January 27, 1977, the assistant county social services attorney stated that upon recomputing petitioner's budget it was discovered that during the time the agency was improperly deducting $41.66 per month, it was failing to properly deduct $93.75 a month; that this resulted in an overpayment of $700 to petitioner; and that the net effect was an overpayment of $267.68 for which the agency was demanding repayment. In February, 1977, petitioner began this article 78 proceeding to compel appellant Fahey to comply with the fair hearing decision by paying to petitioner the sum of $312.45 representing the improper deduction made each month from July 1, 1976 to February 15, 1977. In this proceeding petitioner also sought to compel respondent Toia to force

appellant Fahey to comply with the fair hearing decision. By an order entered February 17, 1977, appellant Fahey was required to pay to petitioner the sum of $312.45. Appellant Fahey appeals from that order. In a judgment entered February 18, 1977, the court at Special Term granted respondent Toia's motion and dismissed the petition as to said respondent Toia. It is from this judgment that petitioner appeals. Concerning appellant Fahey's appeal, it appears that at the time of the fair hearing decision petitioner was still receiving her grant of aid to dependent children. Under the circumstances presented here and in light of the fact that petitioner was still receiving her grant, the exclusive procedure to recover the overpayment was through recoupment out of future benefits pursuant to section 106-b of the Social Services Law (Perez v Dumpson, 58 AD2d 887). Although there is some indication in the briefs before this court that petitioner's grant was terminated in March, 1977, such termination has no bearing on our decision since petitioner was continuing to receive her grant at the time of the fair hearing decision and at the time the matter was considered by Special Term. Consequently, the improper deduction should have been paid to petitioner and the overpayment recouped from future benefits. In the event that petitioner is no longer receiving assistance, appellant Fahey may bring suit to recover the overpayments (see Perez v Dumpson, supra). The order directing the payment of $312.45 to petitioner must, therefore, be affirmed. Regarding the appeal by petitioner from the judgment dismissing the petition as to respondent Toia, we are of the opinion that an affirmance is also required. This article 78 proceeding to cause respondent Toia to compel appellant Fahey to comply with the fair hearing decision is in the nature of mandamus. Such a proceeding is appropriate to compel the performance of a statutory duty ministerial in nature, but not one in respect to which an officer may exercise discretion unless such discretion has been abused by arbitrary or illegal action (Matter of Fehlhaber Corp. v O'Hara, 53 AD2d 746). The enforcement powers of the State Commissioner of Social Services over the chief executive officer of a county social services department are discretionary in nature (Social Services Law, § 34, subd 4). Petitioner has made no claim that respondent Toia has abused his discretion by arbitrary or illegal action. In our opinion, therefore, the proceeding as to respondent Toia was properly dismissed. Order and judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.