**Pamela GOODRICH and Wayne Goodrich, Plaintiffs,**

**v.**

**Edwin GONZALEZ, Auxiliary Police Officer, Woodrow Hundley, Auxiliary Police Officer, Francis P. Brady, Police Officer, Peter McBride, Police Officer, Nicholas Ferraro, District Attorney of the County of Queens, State of New York, Defendants.**

**No. 76 C 670.**

United States District Court, E. D. New York.

May 26, 1978.

Paul Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiffs by Marvin P. Wexler, New York City.

Louis J. Lefkowitz, Atty. Gen. of N.Y., New York City, for defendant Dist. Atty. by Robert S. Hammer, New York City.

Allen G. Schwartz, Corp. Counsel of the City of New York, New York City, for defendants Gonzalez, Hundley, Brady and McBride by Graham Mark Schneider, New York City.

### MEMORANDUM AND ORDER

NEAHER, District Judge.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiffs have, in effect, sought advance rulings of law by way of two separate motions for partial summary judgment, Rule 56(a), F.R.Civ.P., and one of the defendants, the District Attorney for Queens County, has moved for judgment on the pleadings, dismissing the claims against him, Rule 12(c), F.R.Civ.P. For the reasons stated below, these motions are disposed of as follows:

1. Plaintiffs' motion for an order "adjudicating that, as a matter of law, at all times relevant to this action" the defendant New York City auxiliary police officers "acted 'under color of law' within the meaning of 42 U.S.C. § 1983," is denied.

2. Plaintiffs' cross-motion for summary judgment in their favor on their claims against the defendant District Attorney for declaratory and injunctive relief is denied.

3. The defendant District Attorney's motion for judgment on the pleadings and an order dismissing the claims against him is granted.

*Plaintiffs' motion for an order "adjudicating" that the defendant auxiliary police officers acted under color of law.* In Counts I and II of their amended complaint, plaintiffs seek an award of substantial compensatory and punitive damages against the defendant police officers ʻand auxiliary police officers, who they claim caused or brought about their unlawful search, arrest, "booking," and incarceration on State criminal charges. Given the current posture of this action, it is apparent that a ruling by the court that the auxiliary police officers acted under color of law would not at this time be conclusive of any claim asserted by plaintiffs. Hence, consideration of plaintiffs' first motion for partial summary judgment would contravene the policy of the courts of this Circuit to refrain from entertaining, under Rule 56, motions which seek the determination of issues "which are not dispositive of any claim or part thereof." *Yale Transport Corp. v. Yellow Truck & Coach Mfg. Co.,* 3 F.R.D. 440, 441 (S.D.N.Y.1944). See *Uniroyal, Inc. v. Heller,* 65

F.R.D. 83, 86 (S.D.N.Y.1974); *Bernstein v. Universal Pictures, Inc.,* 379 F.Supp. 933, 936 (S.D.N.Y.1974), *rev'd on other grounds,* 517 F.2d 976 (2 Cir. 1975); *Seacoast Liquor Distributors, Inc. v. Kips Bay Brewing Co., Inc.,* 8 F.R.D. 74, 75 (S.D.N.Y.1947). Indeed, even if treated as a motion to strike a defense, the application is untimely because interposed more than 20 days after service of the answers. See Rule 12(f), F.R.Civ.P. Accordingly, this motion, which in any event would not serve to advance the litigation of plaintiffs' claims, must be denied.

*The District Attorney's motion for judgment on the pleadings; plaintiffs' motion for summary judgment on their claims against the District Attorney.* In Count III of their amended complaint, plaintiffs seek an order (1) declaring invalid and unconstitutional the Queens District Attorney's practice of conditioning his consent to adjournments of criminal actions in contemplation of dismissal, pursuant to N.Y. CPL § 170.55,[1] upon waiver by the defendants of any civil right of action they may have as a result of their arrest and prosecution; and (2) permanently enjoining the District Attorney and his subordinates from enforcing N.Y. CPL § 170.55 "in such manner as to condition the dismissal of criminal charges against plaintiffs upon plaintiffs' waiver of their civil remedies." Amendment Compl. ¶ 27.[2] The District Attorney has moved for

1. N.Y. CPL § 170.55, as amended in 1972, provides as follows:

   "1. Upon or after arraignment in a local criminal court upon an information, a simplified information, aʻprosecutor's information or a misdemeanor complaint, and before entry of a plea of guilty thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of the other party, or upon the court's own motion with the consent of both the people and the defendant, order that the action be ʻadjourned in contemplation of dismissal,' as prescribed in subdivision two. "2. An adjournment in contemplation of dismissal is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice. Upon issuing such an order, the court must release the defendant on his own recognizance. Upon application of the people, made at any time not more

than six months after the issuance of such order, the court must restore the case to the calendar and the action must thereupon proceed. If the case is not so restored within such six months [*sic*] period, the accusatory instrument is, at the expiration of such period, deemed to have been dismissed by the court in furtherance of justice."

2. See also Plaintiffs' Memorandum of Law (4/7/78) at 25. In the "Wherefore" clause, ¶ (c), of their amended complaint, plaintiffs offer a narrower description of the injunctive relief they seek. There, they speak of an order permanently enjoining the District Attorney and his subordinates from enforcing N.Y. CPL § 170.55 "in such a way as to deprive plaintiffs of their right to bring *this* action." (Emphasis supplied). For purposes of these motions, and in light of the arguments advanced by the parties, these differences are immaterial, since the question presented is whether the court may

judgment on the pleadings dismissing the claims against him, and plaintiffs have cross-moved for summary judgment in their favor.

■ It should be noted that plaintiffs have not addressed this cross-motion to their claims against the defendant regular and auxiliary police officers. Certainly, had plaintiffs moved solely with respect to those claims, the court would be constrained to decline to consider the motion, as it would amount to an improper use of summary judgment procedure to obtain dismissal of the police defendants' affirmative defenses of release and waiver. See *Uniroyal, Inc. v. Heller, supra; Bernstein v. Universal Pictures, Inc., supra; Seacoast Liquor Distributors, Inc. v. Kips Bay Brewing Co., Inc., supra.* It is unnecessary to determine the further consequences of this omission, however, since it appears that plaintiffs' claims against the District Attorney fail "to satisfy the threshold requirement of Art. III of the Constitution that those who seek to invoke the power of the federal courts must allege an actual case or controversy," *O'Shea v. Littleton,* 414 U.S. 488, 493, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974), citing *Flast v. Cohen,* 392 U.S. 83, 94–101, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); *Jenkins v.*

*McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 1404 (1969), and must therefore be dismissed.

■ There is no question here that because of the lapse of time, plaintiffs are no longer subject to prosecution on the charges originally brought against them in New York City Criminal Court, Queens County.[3] Moreover, plaintiffs do not allege that there is any likelihood that they will again be subjected to the District Attorney's allegedly unlawful waiver practice, nor do they seek to hold the District Attorney answerable in damages for having exacted such a waiver from them.[4] Hence, plaintiffs' claims against the District Attorney must be deemed moot, because "[t]he controversy between the parties has . . . clearly ceased to be 'definite and concrete' and no longer 'touches the legal relations of parties having adverse legal interests.' " *DeFunis v. Odergaard,* 416 U.S. 312, 317, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974), quoting from *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937). As the Supreme Court has repeatedly held, "the federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404

properly entertain plaintiffs' claims against the District Attorney.

**3.** The criminal action against plaintiffs was adjourned in contemplation of dismissal on March 10, 1975. Thus, the accusatory instrument was automatically dismissed on September 10, 1975. See N.Y. CPL § 170.55(2), set forth in note 1, *supra.* Plaintiffs did not commence this action until April 9, 1976. Although CPL § 170.55(2) operates only to bring about the dismissal of the accusatory instrument "in furtherance of justice," and does not by its terms bar revival of the underlying misdemeanor charges by the filing of a new information or complaint or otherwise, see N.Y. CPL §§ 40.-20(1), 40.30(1); *compare* N.Y. CPL §§ 170.30, 170.40 *with* N.Y. CPL §§ 210.20(1)(g) and (4), 210.40; *cf. Perez v. Dumpson,* 88 Misc.2d 506, 389 N.Y.S.2d 279, 289 (Sup.Ct.Spec.T.1976), *modified on other grounds,* 58 A.D.2d 887, 396 N.Y.S.2d 883 (2d Dep't 1977); *People v. Campo,* 71 Misc.2d 6, 335 N.Y.S.2d 199, 201 (City Ct. Mt. Vernon 1972); *People v. Paar,* 89 Misc.2d 11, 390 N.Y.S.2d 776, 778 (Dist.Ct. Nass.Co.1976); *Krum v. Hogan,* 69 Misc.2d

656, 330 N.Y.S.2d 680 (Sup.Ct.Spec.T.1972), plaintiffs have never alleged the existence of any threat or danger of reprosecution, perhaps because, according to plaintiffs, the prosecutor had stated on the record at the March 10, 1975, proceeding that the charges were without foundation. See Amended Compl. ¶ 22. In any event, reprosecution of the plaintiffs is now barred by the applicable two-year period of limitation. See N.Y. CPL § 30.10(2)(c), (4)(b).

**4.** Of course, a State prosecutor enjoys an absolute immunity from § 1983 damage liability for those of his acts which relate to his role as advocate for the State and officer of the court. See *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *cf. Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1978).

Thus, this action must be distinguished from *Friedman v. Beame,* 558 F.2d 1107 (2 Cir. 1977), where the two plaintiffs who were held to have standing to challenge New York City's parking regulations sought damages, as well as injunctive and declaratory relief.

U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). See *O'Shea v. Littleton, supra; Hall v. Beals*, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); *Liner v. Jafco, Inc.*, 375 U.S. 301, 306–08, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964); *United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); *Muskrat v. United States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911); *Liverpool, N.Y. & P.S.S. Co. v. Commissioners*, 113 U.S. 33, 5 S.Ct. 352, 28 L.Ed. 899 (1885). That plaintiffs pray for declaratory, as well as injunctive, relief does not require a different result. See *United Public Workers of America v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 91 L.Ed. 754 (1947); 28 U.S.C. § 2201. See also *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 121–22, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *Romer v. Leary*, 305 F.Supp. 366 (S.D.N.Y.), *aff'd*, 425 F.2d 186 (2 Cir. 1969).

■ Finally, the court finds unpersuasive plaintiffs' contention that their claims against the District Attorney raise issues "capable of repetition, yet evading review," thereby permitting a decision on the merits, despite the apparent want of a present case or controversy. See *Super Tire Engineering Co. v. McCorkle, supra*, 416 U.S. at 125–26, 94 S.Ct. 1694. See also *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). In *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*), the Supreme Court , relying on its earlier decision in *Sosna v. Iowa, supra*, identified two "elements" which must obtain before the "capable of repetition, yet evading review" doctrine may be invoked to preserve or confer federal court jurisdiction over an otherwise moot individual suit:

"(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." 423 U.S. at 149, 96 S.Ct. at 349.

It is plain that the claims against the District Attorney do not supply the second of these elements: as noted above, plaintiffs do not maintain that they are likely again to be required to choose between waiving their right to bring a civil action or being held to answer allegedly unfounded criminal charges. It is unnecessary, therefore, to consider whether these claims satisfy the first element of the *Weinstein* test.[5]

Accordingly, the defendant District Attorney's motion for judgment on the pleadings is granted and the claims against him are dismissed for want of an actual case or controversy upon which this court may act, and plaintiffs' cross-motion for summary judgment is denied.

SO ORDERED.

---

5. The waiver practice may not entirely escape judicial scrutiny, since the validity of the releases so obtained may well be called into question by plaintiffs in this action, if the police defendants press their affirmative defenses of release and waiver.