OPINION OF THE COURT
Arthur D. Spatt, J.
This is a proceeding under CPLR article 78 wherein petitioner, a police officer and president of the Garden City Police Benevolent Association, seeks a judgment, purportedly in the nature of prohibition, barring respondent, chief of the Garden City Police Department, from permitting "Special Police Officers” of the Village of Garden City from driving police department vehicles. Petitioner contends that the use of departmental vehicles bearing police markings by such "Special Police Officers” is violative of subdivision 2 of section 396 of the Vehicle and Traffic Law, which prohibits the operation of vehicles with police markings by any person who is not "a member or an employee of a duly organized police department”.
Pursuant to CPLR 7804 (subd [f]) respondent cross-moves for a judgment dismissing the petition upon the following grounds: (1) that said petition fails to state a cause of action; (2) that a proceeding in the nature of prohibition does not lie to review respondents’ action; and (3) that, pursuant to CPLR 217, the bringing of the petition is barred by the Statute of Limitations.
Relief in the nature of prohibition is not available to control executive or ministerial action. (Matter of B. T. Prods. v Barr, 44 NY2d 226, 231-232.) However, the fact that petitioner has not requested the correct relief is not a basis for the granting of respondents’ motion to dismiss. (See 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.04.) The instant proceeding will be treated as one in the nature of mandamus, to require respondent Kearns to enforce the applicable provisions of the Vehicle and Traffic Law.
*28 The court finds no merit to respondents’ contention that the proceeding is barred by the Statute of Limitations. (CPLR 217.) Said proceeding was commenced well within the four-month period following respondents’ written refusal on July 16, 1979, to comply with petitioner’s written request of May 22, 1979, that respondents prevent the allegedly illegal use of police department vehicles. Therefore, as to grounds two and three, the cross motion to dismiss is denied.
Addressing the merits of the petition, the court shall construe the facts alleged in their most favorable light in support of the petitioner. (Matter of Community Action Against Lead Poisoning v Lyons, 43 AD2d 201, affd 36 NY2d 686; 24 Carmody-Wait 2d, NY Prac, § 145:315.)
The Garden City Police Department is a duly organized police department within the meaning of subdivision 2 of section 396 of the Vehicle and Traffic Law.
Under the authority of section 188-a of the Village Law (now § 8-800), the village board of trustees, by Local Law No. 1-1961, authorized the appointment of "Special Police” to be appointed by the Mayor with the approval of the village board of trustees. Special policemen take an oath of office administered by the village police commissioner and are issued uniforms and badges by the village. Special policemen serve without remuneration, and their basic function includes, but is not limited to, the performing of traffic duties, augmenting the police department, and patrolling the parks of the village. They are subject to the special police rules and regulations promulgated by the department. Said rules and regulations, approved by the Board of Trustees of the Village of Garden City on October 17, 1968, refer to "Special Police” at subdivision 7.2 of article 7, as "members of the Department”. The village affords accident insurance protection to such special policemen. The special policemen are assigned to operate departmental vehicles only for departmental business. All such marked vehicles are actually owned by the department.
It is well established that a proceeding in the nature of mandamus is appropriate to compel the performance of a statutory duty ministerial in nature, but not one in respect to which an officer may exercise discretion unless such discretion has been abused by arbitrary or illegal action. (See Matter of Stutzman v Fahey, 62 AD2d 1070; Matter of Fehlhaber Corp. v O’Hara, 53 AD2d 746.)
Although petitioner speculates that the decision of the *29 respondent to permit the use of departmental vehicles by special policemen may result in "the public confidence in the Garden City Police Department * * * misplaced since professionally trained policemen will not be driving every patrol car”, he has failed to show that the the above-noted decision by respondent was arbitrary or without reason. Absent a statutory prohibition of such use of departmental vehicles, this court, recognizing the sound policy considerations for and against the complained of use of special police, shall not intrude into the province of the executive department of government.
Thus, the overriding consideration for this court is whether or not the activity which petitioner seeks to prevent is, in fact, prohibited by subdivision 2 of section 396 of the Vehicle and Traffic Law. If it is not, respondents may not be compelled by this court to stop it.
Petitioner has emphasized subdivision 2 of section 396 of the Vehicle and Traffic Law use of the word "employee” in prescribing who may operate a marked police vehicle and contends that special police officers are not employees but are mere "volunteers who serve at their convenience and at the convenience of the Village”. Petitioner’s reliance upon this theory is misplaced. The fact that special policemen are not salaried is not conclusive on the issue of employment.
The "Special Police” were created by a local law enacted by the village board of trustees. They act under an oath of office, and are regulated by rules and regulations promulgated by the board of trustees. They are afforded benefits in the form of accident insurance and are under the command of the village chief of police. The status of the "Special Police” is not unlike that of volunteer firemen, who, while not salaried, are described as "Employee[s]” under section 70 of the Volunteer Firemen’s Benevolent Law, which statute defines "Employer” as "the political subdivision liable for payment of financial benefits pursuant to [chapter 64-A of the Consolidated Laws]”. (See, also, Workers’ Compensation Law, § 106; cf. General Municipal Law, § 800, subd 5.)
Further, whether or not special police officers are "employees” of the Garden City Police Department, the department’s rules and regulations for special police refers to them as "members”. Since a "member” of a police department is not prohibited by subdivision 2 of section 396 of the Vehicle and Traffic Law from driving a marked police vehicle, petitioner *30 has not demonstrated the existence of "an official duty clearly imposed by law” upon respondents which would warrant the granting of the "drastic and extraordinary remedy” of mandamus (Matter of Fried v Fox, 49 AD2d 877, 878).
Indeed, as the vehicles in question are owned by the Garden City Police Department and used only for official business of the department, it is the opinion of the court that the use complained of is not one which the statute in question intended to prohibit. (See 1967 Opns Atty Gen 144.)
Accordingly, the petition is dismissed.