OPINION OF THE COURT
Edward S. Conway, J.
This is a proceeding in the nature of a CPLR article 78 proceeding in which petitioner seeks an order compelling respondents to pay the amount due petitioner under an agreement of December 9, 1975.
On December 9, 1975, the petitioner entered into an agreement with the respondent City of Cohoes wherein the city agreed to share with the petitioner on an equal basis the construction expenses incurred in connection with the installation of the water distribution and sanitary sewer collection facilities for the Glen Meadows Planned Unit Development. The petitioner received all but $21,267 due under the agreement. Thereafter, problems arose relating to the water and sewer facilities (low water pressure, bad storm drainage, etc.).
The Mayor and the petitioner had meetings in an attempt to solve the problems and payment of the final payment was withheld by the respondent until the problems were corrected.
On July 17, 1978, petitioner sent a letter to respondent announcing the completion of its work under the contract and billing the respondent for the final payment. Respondent refused to make final payment and more discussions *327 followed and on January 5, 1979, petitioner again demanded payment which was refused by the respondent until the problems were corrected. On July 28, 1981, petitioner again demanded payment in a letter by its attorneys to respondent and commenced the instant proceeding.
Respondent, in its answer, contends that the proceeding is barred by the four-month Statute of Limitations of CPLR 217, and further respondent contends that the act petitioner seeks to compel is not a ministerial act but the collection of a debt allegedly owed by respondents; therefore, this article 78 proceeding in the nature of mandamus does not lie.
This court agrees with the contentions of the respondents. An article 78 proceeding in the nature of mandamus does not lie unless the act sought to be compelled is ministerial, nondiscretionary and nonjudgmental, and is premised upon specific statutory authority mandating performance in a specified manner (Peirez v Caso, 72 AD2d 797; Matter of Stutzman v Fahey, 62 AD2d 1070; Matter of Posner v Levitt, 37 AD2d 331). The act here sought to be compelled, collection of a debt from respondent City of Cohoes in connection with the installation of water distribution and sewer facilities, does not meet the above criteria.