STATE of Minnesota, by William L. WILSON, Commissioner, Department of Human Rights, Complainant, Relator,

v.

ST. JOSEPH'S HOSPITAL, Respondent.

No. C9-84-2225.

Court of Appeals of Minnesota.

April 30, 1985.

Hubert H. Humphrey, III, Atty. Gen., Carl M. Warren, Sp. Asst. Atty. Gen., St. Paul, for relator.

James M. Dawson, Felhaber, Larson, Fenlon and Vogt, P.A., Minneapolis, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

The Department of Human Rights appeals from the final order of an administrative law judge dismissing this matter with prejudice. It contends that the administrative law judge erred by vacating a settlement agreement. We affirm.

## FACTS

In 1974, Patricia McGinnity filed a sex discrimination charge against St. Joseph's Hospital with the Minnesota Department of Human Rights. She alleged the hospital committed sex discrimination in violation of Minn.Stat. § 363.03, subds. 1(2)(c) (1974) by refusing to let female employees use sick leave benefits for maternity related absences. The department issued a complaint seeking relief for McGinnity and a class of similarly situated employees, which was conditionally certified as a class action in 1978.

The hospital moved for summary judgment claiming the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA), preempted the State from regulating its sick leave benefit policy through the enforcement of the Minnesota Human Rights Act. In 1979, the Minnesota Supreme Court ruled that excluding only pregnancy related disabilities from an otherwise comprehensive income maintenance plan is per se sex discrimination and that ERISA does not preempt enforcement of the Minnesota Human Rights Act with regard to employee welfare benefit plans. *Minnesota Mining and Manufacturing Company v. State,* 289 N.W.2d 396 (Minn.1979). Minnesota Mining appealed to the United States Supreme Court. While the appeal was pending, the hospital sought declaratory and injunctive relief in federal district court claiming federal preemption. The United States Supreme Court dismissed the appeal for want of a substantial federal question. *Minnesota Mining and Manufacturing Company v. Minnesota,* 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980). The hospital then dismissed its federal district court action, and the administrative law judge denied the hospital's motion for summary judgment.

Settlement discussions began in December 1982. Patricia McGinnity signed the settlement agreement on May 27, 1983. The Human Rights Commissioner signed the agreement on June 16, 1983. On June 24, 1983, the United States Supreme Court held that ERISA preempts attempts by

states to regulate employee benefit packages through the enforcement of state human rights laws which extend beyond the prohibitions contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). On July 18, 1983, a hospital representative signed the settlement agreement and sent notices to the class members. Later that day, the hospital's counsel became aware of *Shaw* and informed the Department's counsel. The hospital then moved the settlement agreement be set aside.

At the motion hearing, the Department argued the executed agreement was a binding and enforceable contract and *Shaw* had no impact upon it. The hospital contended no final agreement had been reached because it had not been approved by the administrative law judge as required by Minn.R. 5000.1100, subpt. 5 (1983). In the alternative, it argued the agreement should be set aside in light of *Shaw.*

The administrative law judge granted the hospital's motion "to withdraw from or rescind" the settlement agreement, except as it pertained to McGinnity because her claim was filed before the effective date of ERISA. In an attached memorandum, the administrative law judge stated *Shaw* was "critical to the issues raised" because it absolved the hospital of liability to the class members if their benefit plan was covered by ERISA. He vacated the agreement because the hospital made a unilateral mistake.

The Department moved to reconsider. In a supplementary order, the administrative law judge reiterated his previous order granting the hospital's motion to withdraw or rescind the agreement. He stated no binding agreement existed until the written document was executed by all of the parties and that the agreement could be vacated under Minnesota Rule of Civil Procedure 60.02 because of a mutual mistake of law.

On September 10, 1984, the administrative law judge issued an order dismissing the complaint with respect to the allegations which arose between January 1, 1975 and April 29, 1979. This effectively dismissed the claims of the class. The parties then reached a settlement of McGinnity's claim, and the administrative law judge issued a final decision dismissing this case with prejudice on November 27, 1984.

## ISSUE

Did the administrative law judge err by vacating the settlement agreement?

## ANALYSIS

■ 1. An administrative law judge's findings of fact, conclusions of law and order constitute the final decision of the Department of Human Rights. Minn.Stat. §§ 363.071, subd. 3, 363.01, subd. 26 (1984). Final decisions are reviewed by this court in accordance with chapter 14. Minn.Stat. § 363.072, subd. 2 (1984). Minn.Stat. § 14.-69 (1984) provides:

[T]he court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

   (a) In violation of constitutional provisions; or

   (b) In excess of the statutory authority or jurisdiction of the agency; or

   (c) Made upon unlawful procedure; or

   (d) Affected by other error of law; or

   (e) Unsupported by substantial evidence in view of the entire record as submitted; or

   (f) Arbitrary or capricious.

*Id.*

2. The Department contends the administrative law judge's decision allowing the hospital to withdraw or rescind the settlement agreement is an error of law.

■ Minn.R. 1400.6600 (1983) governs motions made in a contested case procedure. Where the rules governing contested cases are silent, the administrative law

judge should apply the rules of civil procedure for the district court. *Id.*

In this proceeding, the rules governing the contested case were not silent. Chapter 5000 of the Minnesota Rules governs contested cases initiated by the department. Minn.R. 5000.1100 (1983) addresses class action suits and provides:

A class action shall not be dismissed or compromised without the approval of the panel or hearing examiner.

*Id.* Thus, the parties' stipulation was not binding before approval by the administrative law judge. Authority to approve implies an authority to withhold approval.

Rule 5000.1100 does not contain standards to be used in approving or withholding approval of a settlement. Neither has the rule been interpreted. Minn.R. 5000.-1100, subpt. 5, however, is nearly identical to Minn.R.Civ.P. 23.05. Rule 23.05 provides:

A class action shall not be dismissed or compromised without approval of the court * * *.

Minn.R.Civ.P. 23.05. Case law interpreting rule 23.05 is equally applicable to Minn.R. 5000.1100, subpt. 5.

The applicable standard for judicial approval of settlements in class actions is as follows:

The standard in these cases is whether the settlement is fair, adequate, reasonable, and is not the product of collusion between the parties. The court must compare the settlement terms with the likely rewards the plaintiff would have received after a full trial. The trial court, absent a finding of fraud or collusion, should be hesitant to substitute its own judgment for that of counsel. Essentially, "[t]he evaluation of a proposed settlement requires an amalgam of delicate balancing, gross approximations and rough justice."

*SST, Inc. v. City of Minneapolis,* 288 N.W.2d 225, 231 (Minn.1979) (citations omitted). The standard which the administrative law judge should have applied to approve or withhold approval of the settlement is whether the settlement is fair, adequate, reasonable, and is not the product of collusion between the parties. He should have compared the settlement terms with the likely rewards the plaintiffs would have received after a full hearing.

The State relies on *George v. Parry,* 77 F.R.D. 421 (S.D.N.Y.), *aff'd,* 578 F.2d 1367 (2nd Cir.), *cert. denied,* 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978), for the proposition that a settlement stipulation was binding on the parties until the court rendered a decision as to whether the settlement should be approved. This case does not conflict with but rather supports the necessity of judicial approval.

In this matter, the administrative law judge assumed the agreement between the parties was final and that his approval was pro forma. Approval must not be pro forma.

A threshold requirement is that the trial judge undertake an analysis of the facts and the law relevant to the proposed compromise. A "mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law" will not suffice.

*Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir.1977) (quoting *Protective Committee v. Anderson,* 390 U.S. 414, 434, 88 S.Ct. 1157, 1168, 20 L.Ed.2d 1 (1968)). Because he considered his approval pro forma and the agreement final, the administrative law judge applied the stricter requirements of Minn.R.Civ.P. 60.02. His decision, however, had the correct result and no prejudice resulted.

The administrative law judge analyzed the facts and vacated the settlement agreement because *Shaw* absolved the hospital of all liability and because it would be unreasonable and inequitable to hold the hospital liable. The department concedes that *Shaw* absolves the hospital of all liability. In vacating the settlement agreement when he had authority to withhold approval, the administrative law judge took the more difficult route to reach the decision

he wished. We do not affirm the route but we do affirm the result.

Our duty is to ascertain whether the administrative law judge clearly abused his discretion when he, in effect, withheld approval of the settlement. *See Cotton,* 559 F.2d at 1331. We find no abuse of discretion. The department freely concedes that once the decision in *Shaw* was reached, there were no grounds to hold the hospital liable. The decision in *Shaw* was reached before the settlement was approved. The administrative law judge did not abuse his discretion by concluding the settlement was no longer reasonable.

### DECISION

An administrative law judge may vacate and withhold approval of a settlement agreement when a recent United States Supreme Court decision, not known to the parties, is dispositive of the substantive issue involved.

Affirmed.