## KOCH INDUSTRIES, INC.

v.

## UNITED GAS PIPE LINE COMPANY.

### Civ. A. No. 86–274–B.

United States District Court,
M.D. Louisiana.

Nov. 22, 1988.

James L. Ellis, Taylor, Porter Brooks & Phillips, Baton Rouge, La., William E. Shull, Wichita, Kan., Alan D. Hallock, for plaintiff.

DeVier Pierson, James M. Costan, Pierson, Semmes U Finley, H. Bruce Golden, Adrian L. Steel, Jr., Mayer, Brown & Platt, Ernest L. Edwards, B. Richard Moore, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for defendant.

## RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

POLOZOLA, District Judge.

Koch Industries, Inc. ("Koch") filed this suit against United Gas Pipeline Company ("United") seeking a declaratory judgment and enforcement of the parties' take-or-pay agreements. Defendant filed an answer to the complaint which asserted several defenses. Plaintiff has now moved for partial summary judgment as to the fourth and fifth defenses. For the reasons which follow, plaintiff's motion for partial summary judgment is GRANTED.

Defendant entered into two contracts with plaintiff to purchase natural gas. Each contract obligates the defendant to either take delivery of and pay for certain specified quantities of gas annually, or, alternatively, to pay for such quantity of gas even if it is not taken. The defendant has asserted the following defenses which the plaintiff seeks to strike:

### FOURTH DEFENSE

\* \* \* \* \* \*

If United were required to pay for gas it could not or did not take possession of or use, then such payment would result in the receipt by Koch of a price in excess of the lawful ceiling price for natural gas imposed by the NGPA [Natural Gas Policy Act of 1978].

\* \* \* \* \* \*

### FIFTH DEFENSE

\* \* \* \* \* \*

Koch's claims raise issues which are subject to the primary or exclusive jurisdiction of the FERC [Federal Energy Regulatory Commission].

\* \* \* \* \* \*

Plaintiff contends that these two defenses are invalid as a matter of law and should be disposed of by summary judgment. This Court agrees.

■ In its fourth defense, the defendant claims take-or-pay contracts violate the provisions of the Natural Gas Policy Act of 1978 ("NGPA"). A number of federal district courts and at least one appellate court have explicitly rejected the argument that take-or-pay agreements violate NGPA price ceilings.[1] In *Associated Gas Distributors v. FERC*,[2] the D.C. Court of Appeals stated:

In enacting the NGPA ceilings, Congress must have been aware that producers and pipelines would incorporate these ceilings into long-term contracts, and that the contracts would include remedies for producers. Obviously the remedial rights would constitute value. If any such value put into breach of the NGPA a contract nominally at the NGPA ceiling, the NGPA would provide a most uncertain guide.[3]

This Court agrees with the above interpretation of the NGPA. Therefore, the Court finds that defendant's fourth defense is invalid as a matter of law.

■ The defendant has also asserted that the plaintiff's claim should be dismissed because the claim is within the exclusive or primary jurisdiction of the FERC. However, in *Wagner & Brown v.*

---

1. *See, e.g., Sid Richardson Carbon & Gasoline Co. v. Internorth, Inc.*, 595 F.Supp. 497 (N.D.Tex. 1984); *Koch Industries, Inc. v. Columbia Gas Transmission Corp.*, No. 83–990–A (M.D.La. filed Nov. 18, 1983), *aff'd sub nom., In re Columbia Gas Transmission Corp.*, No. 84–3282 (5th Cir. July 30, 1984); *Southport Exploration, Inc. v. Producer's Gas Co.*, No. 83–C–550–BT (N.D.Okla. filed March 13, 1984); *Challenger Minerals, Inc.*

*v. Southern Natural Gas Co.*, No. 84–C–357–E (N.D.Okla.1986).

2. 824 F.2d 981 (D.C.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1468, 1469, 99 L.Ed.2d 698 (1988).

3. *Id.* at 1022 n. 26.

*ANR Pipeline Co.*[4] the Fifth Circuit Court of Appeals held that the FERC did not have "exclusive jurisdiction over the construction of take-or-pay contracts."[5] While the FERC does have primary jurisdiction, the decision of whether to defer on that ground is "at the discretion of the district court."[6] This Court chooses not to dismiss this action in deference to the FERC.

Finally, defendant asserts that plaintiff's motion for summary judgment should be considered as a motion to strike affirmative defenses, in which case the motion would not have been timely filed. Defendant cites district court opinions which have held that a partial summary judgment cannot be employed with respect to an affirmative defense.[7] However, several opinions have held to the contrary,[8] and have allowed the utilization of summary judgment to dispose of affirmative defenses. This Court believes the latter view is the correct procedure to follow. Therefore, the Court shall permit the plaintiff to file a partial summary judgment and for reasons set forth previously, hereby grants plaintiff's motion for partial summary judgment. Defendant's fourth and fifth defenses are hereby stricken.

The Court reserves to the plaintiff the right to seek Rule 11 sanctions against the defendant at the conclusion of this case for asserting the fourth and fifth defenses and for opposing plaintiff's motion for partial summary judgment.

---

4. 837 F.2d 199 (5th Cir.1988).

5. *Id.* at 202.

6. *Id.* at 201.

7. *See, e.g., Bernstein v. Universal Pictures, Inc.,* 379 F.Supp. 933 (S.D.N.Y.1974), *rev'd on other grounds,* 517 F.2d 976 (2d Cir.1975); *Uniroyal, Inc. v. Heller,* 65 F.R.D. 83, 86 (S.D.N.Y.1974); *Goodrich v. Gonzalez,* 451 F.Supp. 747, 750 (E.D. N.Y.1978).

8. *See, e.g., Leasing Serv. Corp. v. Graham,* 646 F.Supp. 1410, 1414–15 (S.D.N.Y.1986); *First Nat'l City Bank v. Kline,* 439 F.Supp. 726, 728 (S.D.N.Y.1977); *Krauss v. Keibler–Thompson Corp.,* 72 F.R.D. 615, 616 n. 7 (D.Del.1976); *Looney v. Great Am. Ins. Co.,* 71 F.R.D. 211, 212 n. 2 (E.D.N.Y.1976). *See also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2737.