**AMERICAN SAMOA POWER AUTHORITY, and TRAVELERS INDEMNITY COMPANY as Subrogee of AMERICAN SAMOA POWER AUTHORITY, Plaintiffs,**

**v.**

**DEUTZ MWM FAR EAST (PTE) LTD., Defendant.**

High Court of American Samoa
Trial Division

CA No. 42-01

November 12, 2003

Before RICHMOND, Associate Justice and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiffs, Jeffrey Waller
For Respondent, Jennifer L. Joneson

### ORDER ON CROSS SUMMARY JUDGMENT AND RELATED PENDING MOTIONS

Plaintiffs American Samoa Power Authority ("ASPA") and Travelers Indemnity Company ("Travelers"), as subrogee of ASPA, move pursuant to T.C.R.C.P. 56 for partial summary adjudication on their breach of warranty claims against Defendant Deutz MWM Far East (PTE), Ltd.

("Deutz").[1] Deutz cross moves for summary judgment on the two claims for breach of warranty and also moves to dismiss ASPA from the lawsuit. In addition, before the Court, are a number of additional motions brought by the parties and discussed in detail below.

# I. MOTIONS TO STRIKE

## A. Deutz's Motion to Strike

■■■■ Deutz moves to strike portions of Travelers' memorandum of law and exhibits 9 and 10 thereto. Deutz argues that large portions of Travelers' memorandum of law should be stricken because Travelers makes conclusory and unsupported statements in its partial motion for summary judgment. However, none of the authorities cited by Deutz supports its contention that portions of Travelers' memorandum should be stricken. Rather, the cases cited by Deutz merely demonstrate that an *affidavit* filed in support of summary judgment that does not comply with Rule 56(e) may be stricken. *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831 (1950), *overruled in part by Lear, Inc. v. Adkins*, 395 U.S. 653 (1969); *Wells Dairy, Inc. v. Travelers Indem. Co.*, 241 F. Supp. 2d 945, 955-58 (N.D. Iowa 2003); *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1564-68 (D.N.M. 1994); *Jewell-Rung Agency, Inc., v. Haddad Org., Ltd.*, 814 F. Supp. 337, 339 (S.D.N.Y. 1993). Deutz does not seek to strike a supporting affidavit but, rather, seeks to strike portions of Travelers' legal memorandum. We refuse to distort these cases by extending them to a party's legal briefing. Deutz's motion to strike portions of Travelers' memorandum is denied.

■■ In addition, Deutz claims that exhibits 9 and 10 to Travelers' motion do not comply with the requirements of T.C.R.C.P. 56(e), and Deutz moves to strike them as inadmissible hearsay evidence.[2] Exhibit 9 is a letter from ASPA to Deutz and exhibit 10 is a letter from Deutz to ASPA. Travelers does not address the admissibility of these exhibits in its response and fails to offer any exception to the hearsay rule that would allow these exhibits to be considered as evidence. Nonetheless, we find that exhibit 10 is admissible under T.C.R.Ev. 801(d)(2) as a party admission. However, in the absence of any explanation by

---

[1] Since the filing of its motion for partial summary judgment, Travelers has filed an amended complaint essentially abandoning any claim by ASPA. As such, we refer to Travelers as the moving party throughout this order. *See* discussion *infra*.

[2] Rule 56(e) "does not require an unequivocal conclusion that the evidence will be admissible at trial as a condition precedent to its consideration on a summary judgment motion." *Reed v. Ford Motor Co.*, 679 F. Supp. 873, 874 (S.D. Ind. 1988).

Travelers to the contrary, we find exhibit 9 is inadmissible hearsay evidence. As such, Deutz's motion to strike is granted in part and denied in part.

B. Travelers' Motion to Strike

■■■■ Travelers moves to strike all exhibits included with Deutz's cross-motion for summary judgment that are offered to show intent under the parol evidence rule. Travelers fails to indicate specifically which exhibits (or portions thereof) it seeks to exclude under the parol evidence rule. *See, e.g., Underwood v. Waddell,* 743 F. Supp. 1291, 1293 n.1 (S.D. Ind. 1990) (denying plaintiff's motion to strike "for failure to specify what specific portions of the affidavits are objectionable"); *Seidelman Corp. v. Mollison,* 10 F.R.D. 426, 428 (S.D. Ohio 1950) ("The Court cannot and should not be expected to go through the . . . affidavit 'with a fine-tooth comb' and pick out the 'certain portions' which defendants . . . feel should be stricken."). Accordingly, Travelers' motion to strike Deutz's exhibits is denied.

## II. DEUTZ'S MOTION FOR RELIEF FROM ORDER

Deutz moves this Court, pursuant to T.C.R.C.P. 60(b)(1) and 60(b)(3), to vacate its October 24, 2002 order obliging Deutz to provide a surety bond. Deutz argues that discovery has revealed misrepresentations by ASPA's counsel regarding ASPA's claims and evidence suggesting APSA and Travelers do not have a viable cause of action. In response, Travelers agrees to reduce the bond by $100,000, the amount ASPA was previously seeking for its unpaid deductible. Travelers claims the remaining surety should remain intact in order to cover any adverse judgment found in favor of Travelers against Deutz.

We agree with Travelers and decline to relieve Deutz of its obligation to provide a surety bond. Deutz still faces the possibility of an adverse judgment and therefore, the surety bond should remain intact. However, during the September 29, 2003 hearing, the parties agreed to reduce the bond by $100,000, the amount attributable to the deductible that ASPA is no longer seeking to recover from Deutz. As such, Deutz's motion for relief from order is denied; however, the surety bond may be reduced by $100,000 in accordance with our September 29, 2003 ruling.

## III. DEUTZ'S MOTION FOR CONTEMPT

Deutz moves this Court to find Travelers' counsel in indirect contempt of court under H.C.R. 114 for failing to dismiss ASPA and for pursuing non-existent legal theories. As an initial matter, H.C.R. 114 requires "an affidavit stating the facts constituting the contempt and an Order to Show Cause re: Contempt must be filed with the Court." Deutz has failed to

comply with these procedural requirements. Moreover, we do not believe H.C.R. 114 was intended to be used in this manner. Deutz's motion would have been more appropriately styled as a motion for sanctions under T.C.R.C.P. 11. In any event, Deutz's motion lacks any merit and is denied.

## IV. SUMMARY JUDGMENT

### A. Background

ASPA is a quasi-independent governmental agency in American Samoa. A.S.C.A. § 15.0101. Travelers is an Illinois corporation with its principal place of business in Connecticut. Travelers insures some of ASPA's equipment in the event of a covered loss. Deutz is a corporation organized under the laws of Singapore but is no longer in business.

ASPA purchased generating equipment for its Satala and Tafuna plants from Deutz. The parties originally entered into a contract on November 13, 1991. On July 29, 1993, ASPA and Deutz entered into Change Order Number 2 ("Change Order No. 2"), which revised the parties' original contract. Change Order No. 2 provided for the sale and installation of a new generating unit and accompanying equipment. In addition, Change Order No. 2 provided ASPA with an extended warranty for certain parts. At issue in this case is the interpretation of the extended warranty provision in Change Order No. 2.

In 1999, the crankshaft failed. The parties dispute whether or not the damages caused by the crankshaft failure are covered by the extended warranty. Deutz claims it is not financially responsible under the terms of the warranty. On the other hand, Travelers claims Deutz breached its obligations under the warranty when it refused to compensate ASPA for the damages.

Eventually, ASPA replaced the generator. Travelers, ASPA's insurer, compensated ASPA for the replacement of the generator minus a $100,000 deductible.[3] In the initial complaint, Travelers brought this breach of warranty action as the subrogor of ASPA, and ASPA sought to recover its deductible. Travelers has since filed an amended complaint in which ASPA essentially abandons its claim for its $100,000 deductible.

On July 8, 2003, Travelers moved for partial summary judgment with respect to various issues regarding the breach of warranty claims. On September 4, 2003, Deutz responded to Travelers' motion and filed its

---

[3] Travelers claims it paid ASPA approximately $1.6 million.

cross-motion for summary judgment on the breach of warranty claims and requested that ASPA be dismissed from this action.

## B. Standard of Review

Since Travelers is seeking partial summary adjudication, its motion must be considered pursuant to T.C.R.C.P. 56(d). *See, e.g., Wing Hop Lee, Ltd. v. Soo*, 30 A.S.R.2d 76, 77 (Trial Div. 1996). Rule 56(d) "establishes a procedural mechanism whereby a district court can . . . with the acquiescence of the parties, narrow the factual issues for trial." *Aurelio v. R.I. Dep't of Admin.*, 985 F. Supp. 48, 53 (D.R.I. 1997) (quoting *Rivera-Flores v. P.R. Tel. Co.*, 64 F.3d 742, 747 (1st Cir. 1995)). The standard for determining a Rule 56(d) motion is identical to the standard used for determining a motion brought under Rule 56(c). *Id.*

Deutz brings its motion for summary judgment pursuant to T.C.R.C.P. 56(c). According to T.C.R.C.P. 56(c), summary judgment is appropriate when the pleadings and other supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the burden of showing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then affirmatively show there is a genuine issue for trial. *Id.* at 324. "[A]ll inferences are construed in a light most favorable to the non-moving party." *Am. Samoa Power Auth. v. Nat'l Pac. Ins. Co.*, 30 A.S.R.2d 145, 146-47 (Trial Div. 1996); *see also Pal Air Int'l, Inc. v. Porter*, 30 A.S.R.2d 104, 105 (Trial Div. 1996).

"When both parties file cross motions for summary judgment, the court must consider each motion separately and apply controverted facts in a light most favorable to the nonmovant." *Stewart v. Nation Lease of Kansas City, Inc.*, 920 F. Supp. 1188, 1202 (D. Kan. 1996).

## C. Discussion

*1. Deutz's Motion for Summary Judgment to Dismiss ASPA*

Deutz seeks to dismiss ASPA from this action because ASPA no longer wishes to pursue its claim to recover its unpaid $100,000 deductible. Deutz does not challenge Travelers' ability to sue as the subrogee of ASPA but, rather, claims that Travelers must sue in its own name.[4] In

---

[4] Travelers, as ASPA's insurer, "by a right of subrogation, steps into the shoes of the insured and can recover only if the insured could have recovered." *E.H. Ashley & Co. v. Wells Fargo Alarm Servs.*, 907 F.2d 1274, 1277 (1st Cir. 1990). Moreover, a subrogee "may assert claims

response, Travelers has filed an amended complaint in which ASPA abandons its claim for the deductible, and Travelers now is the only party seeking relief. Travelers asserts that the Subrogation Receipt entitles it to sue in ASPA's name. While this may be true, Travelers purports to sue both in ASPA's name and in its own name as the subrogor of ASPA.

According to T.C.R.C.P. 17(a), "[e]very action shall be prosecuted in the name of the real party in interest." In *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366 (1949), the Supreme Court noted:

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest.

*Id.* at 381 (citation omitted); *see also Travelers Ins. Co. v. Riggs*, 671 F.2d 810, 812-13 (4th Cir. 1982); *Wattles v. Sears, Roebuck & Co.*, 82 F.R.D. 446, 448-50 (D. Neb. 1979). In the original complaint, ASPA sued in its own name to recover its deductible and Travelers sued as the partial subrogee to ASPA's remaining claim. *See, e.g., Interocean Ships, Inc. v. Samoan Gases*, 24 A.S.R.2d 108, 110-11 (Trial Div. 1993). However, because ASPA no longer seeks reimbursement of its deductible, it is no longer a real party in interest in this case. Assuming Travelers' assertion that it can sue in ASPA's name is correct, why did Travelers bring suit in its own name in both the original and amended complaint? Under Rule 17(a), Travelers, as the subrogee for ASPA, is the real party in interest in this action. Accordingly, ASPA's name shall be stricken from future pleadings.[5]

*2. The Warranty*

Travelers and Deutz seek partial summary adjudication and summary judgment respectively, arguing different interpretations of the warranty. Contract interpretation is well suited to decision by summary judgment. *See Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*,

---

against the subrogor's contractual obligor." *Vitkus v. Beatrice Co.*, 127 F.3d 936, 942 (10th Cir. 1997) (quoting *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 767 F.2d 43, 45 (3d Cir. 1985)); *see also Am. Employers Ins. Co. v. City of Chicago*, No. 02 C 9304, 2003 WL 21254266, *1 (N.D. Ill. May 29, 2003).

[5] We decline to grant Deutz summary judgment dismissing ASPA from this case. The more appropriate action is to strike ASPA's name from the pleadings since it is no longer a party plaintiff.

132 F.3d 526, 530 (9th Cir. 1997); *ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 705 (7th Cir. 1995). "Express warranties are interpreted according to general contract principles." *Bay Lines, Inc. v. Stoughton Trailers Inc.*, 838 So. 2d 1013, 1018 (Ala. 2002). Both parties agree that the warranty is unambiguous; however, the parties have vastly different interpretations of the warranty. "Summary judgment is properly used for interpreting a contract whose terms are considered by opposing parties to be clear and unambiguous, despite disagreement between the parties as to what the agreement provides." *Stradling v. Southland Corp.*, 924 F. Supp. 38, 40 (M.D. Penn. 1996); *see also Klamath Water Users Prot. Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999); *ECHO, Inc.*, 52 F.3d at 705. We have considered the evidence and agree with the parties that the warranty is unambiguous and therefore, ripe for our interpretation.

The parties primarily dispute the interpretation of two parts of the extended warranty: (1) the parties dispute proper interpretation of the warranty coverage for years 6-10 and (2) the parties dispute whether a condition precedent existed which required ASPA to perform preventative maintenance in years 6-10. The language of the extended warranty for years 6-10 is as follows:

> YEARS 6-10. During the five (5) year period following the four (4) year extended warranty the contractor shall warrant the following parts against failure or defect on a pro-rata basis based upon a useful life of fifteen (15) years . . . Crankshaft . . . . In the event of defect in any of these parts, or failure as a result of such defect, during the coverage period ASPA shall be entitled to credit against the replacement cost of the defective and/or damaged equipment in an amount equal to the percentage of assumed useful life then remaining on the date of discovery of defect or failure as a result of defect.

Travelers argues that the warranty covers the crankshaft in the event of either a failure or defect. Deutz argues that the warranty only covers a failure that is the result of a defect. We agree with Deutz.

■ Travelers' position fails to view the warranty provision in its entirety but, rather, parses out the "failure or defect" language to create what we believe is an unreasonable interpretation. "The meaning of particular parts or words in a contract should be determined in light of and consistent with the general purpose of the agreement." *Eliasen v. Itel Corp.*, 883 F. Supp. 280, 289 (N.D. Ill. 1995). We believe the warranty when read in its entirety demonstrates that the parties intended the warranty to cover the crankshaft in the event of a defect or a failure as a result of such defect.

186

 The language in the warranty which describes the remedy for a failure as a result of defect or for a defect in a covered part is instructive. The remedy sentence indicates that ASPA will be entitled to a specific sort of recovery in the event of a defect or a failure as a result of such defect. Nowhere is there any language indicating another remedy is available for a failure absent a defect. Travelers argues that this means the parties intended for the remedy to be unlimited in the event of a failure without a defect. We think this interpretation is unreasonable. *Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1032 (9th Cir. 1989) ("Preference must be given to reasonable interpretations as opposed to those that are unreasonable . . . .") (citation omitted); *Eliasen*, 883 F. Supp. at 289-90 ("[A]n interpretation that gives reasonable meaning to all provisions is preferable to one that leaves part of the language useless or inexplicable or creates surplusage.").

Plaintiffs suggested interpretation expanding the warranty to cover any failure does not comport with the warranty when read in its entirety and is unreasonable. As such, we find that in order for Travelers to recover on its breach of warranty claim, it must prove either a defect in the crankshaft or a failure in the crankshaft as a result of such defect. We believe this is a material issue of fact that should be reserved for trial.[6]

The parties also disagree as to whether the warranty contained a condition precedent requiring ASPA to perform preventative maintenance. Deutz maintains that the warranty was only effective, "so long as ASPA shall perform the preventative maintenance program recommended by the manufacturer(s), as established by the contractor in commissioning and pursuant to its service contract." Travelers argues that the "so long as" language was in the provision covering years 2-5 and was only applicable to those years. We agree with Travelers.

The disputed language is found in section 20.1 of the warranty, in the list of coverage for years 2-5. The part of the warranty covering years 6-10 is void of this language or any language regarding preventative maintenance.

---

[6] Travelers asks this Court to find that its remedies are not limited based on the express warranty. We decline to do so. Travelers is not only limited by the language of the warranty (*see* discussion *supra*) but also is limited by law. "[A]s a general rule, an insurer can recover by way of subrogation against a wrongdoer responsible for a loss only such amounts as it has been compelled to pay under its policy." *See* LEE R. RUSS & THOMAS F. SEGALLA, 16 COUCH ON INSURANCE § 223:85 (3d ed. 2000). Accordingly, we deny Travelers' request for partial summary adjudication on this ground.

Contracts should be read in their entirety; however, there is no language in the warranty to indicate the parties intended the condition precedent to apply to years 6-10. *See, e.g., Emerg. Med. Care, Inc. v. Marion Mem. Hosp.*, 94 F.3d 1059, 1061 (7th Cir. 1996); *Kennewick Irrigation Dist.*, 880 F.2d at 1032. In fact, based on the language in the warranty, the parties specifically limited the preventative maintenance provision to years 2-5. Although we may feel it would have been prudent for Deutz to impose a preventative maintenance requirement in years 6-10, we will not rewrite the parties' agreement in order to fix a poorly worded contract. *See, e.g., Pennbarr Corp. v. Ins. Co. of N. Am.*, 976 F.2d 145, 151 (3d Cir. 1992) ("[Courts] may not make a different or better contract than the parties themselves saw fit to enter into."); *Towers Hotel Corp. v. Rimmel*, 871 F.2d 766, 774 (8th Cir. 1989) ("[Courts] are to determine what the parties intended by what they said and not what they might have said or what perhaps they should have said.") (citations omitted). As such, we find that the warranty's preventative maintenance provision does not apply to years 6-10.

In sum, Deutz's motion for summary judgment on counts one and two of Travelers' amended complaint is denied. Whether or not the crankshaft was defective or failed as a result of such defect is a fact issue more properly reserved for trial.

### 3. Deutz's Affirmative Defenses

Travelers seeks partial summary adjudication with respect to Deutz's affirmative defenses. "[I]f [a] case involves other defenses that raise no material issues of fact they may be the subject of a partial summary adjudication in plaintiff's favor in accordance with the procedure prescribed in Rule 56(d)." 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2734 (3d ed. 1998); *see also URI Cogeneration Partners, L.P. v. Bd. of Governors for Higher Educ.*, 915 F. Supp. 1267, 1279 (D.R.I. 1996) ("[I]n order to distill the issues to be tried, the Court may bar certain legal arguments and affirmative defenses if it is clear that they run counter to the governing law."); *Koch Indus., Inc. v. United Gas Pipe Line Co.*, 700 F. Supp. 865, 867 (M.D. La. 1988) (granting plaintiff's motion for partial summary judgment on defendant's affirmative defenses).

Deutz bears the burden of proving its affirmative defenses at trial. Therefore, Travelers does not have the burden to produce any evidence demonstrating the absence of a genuine issue of material fact with respect to Deutz's defenses. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 323. Indeed,

188

Travelers claims that Deutz has no evidence to support its affirmative defenses. As such, Deutz "must set forth specific facts showing that there is a genuine issue for trial." T.C.R.C.P. 56(e). This showing must go beyond the pleadings. *Id.* "[A] party opposing another's motion for summary judgment will not be allowed to rest upon his pleadings or the assertions of lawyers who have no personal knowledge of the facts." *Carpenters Fiji, Ltd. v. Pen*, 28 A.S.R.2d 202, 203 (Trial Div. 1995) (citation omitted).

Deutz's first affirmative defense is that ASPA failed to mitigate damages. While this is a viable defense in contract actions, Deutz has failed to provide any evidence that would support this defense. Deutz argues in its supporting memorandum that oils and metals were found in the crankshaft and claims that ASPA failed to maintain the machine. However, Deutz failed to provide the sort of supporting evidence required under Rule 56(e) to maintain these allegations. Absent any shred of evidence that ASPA failed to mitigate damages, this defense must fail.

Deutz's second affirmative defense includes both laches and estoppel[7]. Deutz offers no response to Travelers' arguments and suggests that Travelers has not met its burden on this issue. Deutz bears the burden at trial of proving this affirmative defense. After Travelers argued that Deutz has no evidence to support these defenses, Deutz, as the non-moving party, is required to come forward with some evidence of a dispute of material fact. Deutz has failed to do so and therefore, the affirmative defenses of laches and estoppel also fail. *See, e.g., Fresnel Tech., Inc. v. Rokonet Indus. USA, Inc.*, No. 4:01-CV-1091-A, 2003 WL 21047137, at *4 (N.D. Tex. May 7, 2003) (granting judgment to plaintiff because the defendant failed to "come forward with summary judgment evidence to raise a genuine fact issue").

Deutz's third affirmative defense is that ASPA failed to fulfill a condition precedent by replacing the generator instead of pursuing a warranty claim or providing notice of defect or a reasonable demand. Travelers claims Deutz has no evidence to support this defense. Deutz's response does not address this "condition precedent" but, rather, refers to other alleged conditions, specifically, that the component must be listed in the warranty and that a defect in the warranted component must have caused the failure. As such, Deutz has failed to point to any evidence supporting this defense. This defense fails.

---

[7] Although Deutz discusses the legal standards of estoppel in its memorandum, it fails to offer facts to show that it has met or could possibly meet each of the elements listed above.

Deutz's fourth affirmative defense is that the warranty was voided because ASPA neglected to maintain or misused the equipment. Again, Travelers argues that Deutz has no evidence to support this defense. In response, Deutz fails to offer evidence to establish that ASPA failed to perform maintenance or misused the equipment. Deutz's bare assertion in its memorandum that oils and metals were found in the generator standing alone does not suffice to defeat Travelers' motion.

██ Deutz's fifth affirmative defense is that ASPA negligently maintained and operated the equipment and therefore, any damage should be reduced according to ASPA's comparative fault. Comparative fault is an appropriate defense in a tort action, not a contract one. A.S.C.A. § 43.5101; *see also United States v. NHC Health Care Corp.*, No. 00-3128-CV-S-4-ECF, 2000 WL 33146582, at *2 (W.D. Mo. Nov. 15, 2000); *Bank Brussels Lambert v. Chase Manhattan Bank*, No. 93 Civ. 5298(LMM), 1999 WL 710778, at *3 (S.D.N.Y. Sept. 10, 1999). Moreover, Deutz has failed to present any evidence to support its assertion. Accordingly, Deutz's fifth affirmative defense fails as a matter of law.

## V. ORDER

1. Deutz's motion for relief from order is denied.

2. Deutz's motion to strike is granted in part. Travelers' exhibit no. 9 is stricken from the record.

3. Travelers' motion to strike is denied.

4. Deutz's motion for contempt is denied.

5. Deutz's motion for summary judgment is denied as to counts 1 and 2 of Travelers' amended complaint. Deutz's motion for summary judgment to dismiss ASPA is denied. However, because ASPA is no longer a party plaintiff to these proceedings, its name will be stricken from future pleadings.

6. Travelers' motion for partial summary adjudication is granted in part. Deutz's affirmative defenses 1-5 are stricken.

It is so ordered.